MA BINH THANH (V-98179)
SALINAS VALLEY STATE PRISON
P.O. BOX 1050
SOLEDAD, CA. 93960-1060
IN PROPRIA PERSONA.

2254 ✓ 1983
FILING FEE PAID
Yes___ No ✓
IFP MOTION FILED
Yes___ No ✓
COPIES SENT TO
Court ✓ Prob___

FILED
JAN 22 2008
CLERK, U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA
BY DEPUTY

IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA.

'08 CV 0126 JAH POR

MA BINH THANH
PETITIONER,
V.
M. EVANS, WARDEN
RESPONDENT,

CASE NO. 04ZF0068
APPELLATE NO. G038056
SUPREME NO. S151724

WRIT OF HABEAS CORPUS

MA - WRIT OF HABEAS CORPUS.

# TABLE OF CONTENTS.


TABLE OF CONTENTS. —— i-ii

TABLE OF POINTS AND AUTHORITIES —— iii-V

PETITION FOR WRIT OF HABEAS CORPUS —— 1-12

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT. —— 13-16

ISSUES PRESENTED FOR REVIEW. —— 17

NECESSARY FOR REVIEW. —— 18

STATEMENT OF THE CASE. —— 19-20

STATEMENT OF THE FACTS. —— 21-22

QUESTIONS PRESENTED —— 23

OPINIONS BELOW —— 24

JURISDICTION. —— 25

PROCEDURAL DEFAULT. —— 25-26

STATE REVIEW. —— 26-28

INTRODUCTION. —— 29-30

CLAIM NUMBER ONE: THERE WAS INSUFFICIENT EVIDENCE OF PETITIONER'S POSSESSION OF METHAMPHETAMINE FOUND IN VEHICLE: —— 30-35

CLAIM NUMBER TWO: THE TRIAL COURT APPLIED THE WRONG STANDARD IN DENYING PETITIONER'S REQUESTS TO DISCHARGE HIS RETAINED COUNSEL. AS IN RESULTS, VIOLATED PETITIONER 6th AMENDMENT RIGHTS PROTECTED BY UNITED STATES CONSTITUTION: —— 35-38

CONCLUSION: —— 38-39

DECLARATION. —— 40

EXHIBIT A. (THE TRIAL COURT ERRED IN CONDUCTED THE MARSDEN HEARING.)

EXHIBIT B. (SUPERIOR COURT DENIED PETITIONER'S WRIT OF HABEAS CORPUS PETITION.)

EXHIBIT C. (COURT OF APPEAL DENIED PETITIONER'S WRIT OF HABEAS CORPUS PETITION.)

EXHIBIT D. (CALIFORNIA SUPREME COURT DENIED PETITIONER'S WRIT OF HABEAS CORPUS PETITION.)

EXHIBIT E. (A COMPLETE OF WRIT OF HABEAS CORPUS APPLICATION AS PRESENTED OF CALIFORNIA SUPREME COURT.)

DECLARATION OF SERVICE BY MAIL.

# TABLES OF POINTS AND AUTHORITIES

## CASES:


BURKS V. UNITED STATES (1978) 437 U.S. 1.

CASE V. LOUISIANA (1990) 498 U.S. 49.

GOODLOW V. SUPERIOR COURT (1980) 101 CAL.APP.3d 969.

IN RE. COUGHLIN (1976) 16 CAL.3d 52, 55, 127 CAL.RPTR. 337, 545, P.2d 249.

IN RE. FOSS (1974) 10 CAL.3d 910, 916-917, 112 CAL.RPTR. 647, 506 P.2d 1023.

JACKSON V. VIRGINIA (1979) 443 U.S. 307.

MAGEE V. SUPERIOR COURT (1973) 81 CAL.3d 949, 954, 106 CAL.RPTR. 647, 506 P.2d 1023.

MIKES V. BORG (1991) 947 F.2d 353.

UNITED STATES V. HIGHSMITH (2001) 268 F.3d 1141.

UNITED STATES V. KELSO (1991) 942 F.2d 680.

UNITED STATES V. RAMIREZ (1999) 176 F.3d 1179.

UNITED STATES V. VALLEJO (2001) 237 F.3d 1008.

PEOPLE V. BURNETT (1967) 251 CAL.APP.2d 651.

PEOPLE V. CROVEDI, SUPRA, 65 CAL.2d AT P. 208.

PEOPLE V. DANIELS (1975) 14 CAL.3d 857.

PEOPLE V. FLORES (1943) 58 CAL.APP.2d 764.

PEOPLE V. GLASS (1975) 44 CAL.APP.3d 772.

PEOPLE V. HALL (1964) 62 CAL.2d 104.

PEOPLE V. HERNANDEZ (MAY 05, 2006, B183053) CAL.APP.4th (2006 PA 049242).

PEOPLE V. HUNT (1971) 4 CAL.3d 231.

PEOPLE V. JERKINS (1979) 91 CAL.APP. 3d 579.

PEOPLE V. JOHNSON (1989) 47 CAL. 3d 1194.

PEOPLE V. JOHNSON (1980) 26 CAL. 3d 557.

PEOPLE V. MARQUEZ (1968) 259 CAL.APP. 2d 593.

PEOPLE V. MARSHALL (1997) 15 CAL. 4th 1.

PEOPLE V. MARSDEN, SUPRA, 78, 2 CAL.3d 118.

PEOPLE V. MUNOZ (APRIL 17, 2006, G.034265)
CAL.APP.4th (2006 WL 990738).

PEOPLE V. NEWMAN (1971) 5 CAL. 3d 48.

PEOPLE V. LARA (2001) 86 CAL. APP. 4th 139, 155.

PEOPLE V. LARA (2001) 86 CAL.APP. 4th 139, 103, CR.2d 201.

PEOPLE V. LEONARD, SUPRA, 78 CAL.APP. 4th AT P. 784.

PEOPLE V. ORTIZ (1990) 51 CAL.3d 975, 982, 275 CAL.RPTR.
191 800 P.2d 547.

PEOPLE V. ORTIZ (1990) 51 CAL.3d AT P. 982-984.

PEOPLE V. ORTIZ, SUPRA, 51 CAL.3d P. 982-984.

PEOPLE V. ORTIZ, SUPRA, 51 CAL.3d AT P. 988.

PEOPLE V. PATINO (1979) 95 CAL.APP.3d 11.

PEOPLE V. STEVEN (1984) 156 CAL.3d 1119, 1127, 203 CR 505

PEOPLE V. STEVEN, SUPRA, 156 CAL.RPTR.3d AT P. 1127.

PEOPLE V. SUPERIOR COURT (1968) 68 CAL.2d 547, 561
68 CAL. RPTR. 1, 440 P.2d 65

PEOPLE V. SOTELO (1971) 18 CAL.APP. 3d 9

PEOPLE V. THOMAS (1992) 2 CAL. 4th 489.

PEOPLE V. TREVINO (1985) 39 CAL.3d 667.

PEOPLE V. TURNER, SUPRA, 7 CAL.APP. 4th P. 918.

PEOPLE V. WILLIAMS (1971) 5 CAL.3d 211.

## UNITED STATES CONSTITUTION.

SIXTH AMENDMENT.

FOURTEENTH AMENDMENT.

## STATUTES.

HEALTH AND SAFETY CODE:

SECTION §11378

SECTION §11379 (a).

PENAL CODE:

SECTION § 667 (d)

SECTION § 667.5 (b).

SECTION § 969 (b).

SECTION § 1170 (c).

SECTION § 1237 (a).

SECTION § 12021 (b)(1).

SECTION § 12022 (c).

SECTION § 12022.1 (b).

NAME
MA BINH THANH
PRISON NUMBER
V-98179

CURRENT ADDRESS OR PLACE OF CONFINEMENT

P.O. BOX 1050
CITY, STATE, ZIP CODE
SOLEDAD, CA. 93960-1060

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF CALIFORNIA

MA BINH THANH ,
(FULL NAME OF PETITIONER)

PETITIONER

v.

M. EVANS, Warden ,
(NAME OF WARDEN, SUPERINTENDENT, JAILOR, OR AUTHORIZED PERSON HAVING CUSTODY OF PETITIONER [E.G., DIRECTOR OF THE CALIFORNIA DEPARTMENT OF CORRECTIONS])

RESPONDENT

and

The Attorney General of the State of California, Additional Respondent. ,

Civil No ______________________
(TO BE FILLED IN BY CLERK OF U.S. DISTRICT COURT)
Superior Court No. M-10985
Appellate Court No. G-038056
Cal. Supreme Court No. S-151724

PETITION FOR WRIT OF HABEAS CORPUS

UNDER 28 U.S.C. § 2254
BY A PERSON IN STATE CUSTODY

1. Name and location of the court that entered the judgment of conviction under attack:
SUPERIOR COURT OF ORANGE COUNTY
700 CIVIL CENTER DRIVE, SANTA ANA, CA. 92702
2. Date of judgment of conviction:
August 15, 2005.
3. Trial court case number of the judgment of conviction being challenged:
04ZF0068
4. Length of sentence:
14 Years and 4 Months.

5. Sentence start date and projected release date:

August 15, 2005, Sentence start
July 18, 2017, Release date.

6. Offense(s) for which you were convicted or pleaded guilty (all counts):

(1) POSSESSION FOR SALE OF METHAMPHETAMINE.
(2) TRANSPORT OF METHAMPHETAMINE.
(3) POSSESSION OF A FIREARM.
(4) BAIL CRIME BAIL.

7. What was your plea? (CHECK ONE)

(a) Not guilty [X]
(b) Guilty [ ]
(c) Nolo contendere [ ]

8. If you pleaded not guilty, what kind of trial did you have? (CHECK ONE)

(a) Jury [X]
(b) Judge only [ ]

9. Did you testify at the trial?

[ ] Yes [X] No

## DIRECT APPEAL

10. Did you appeal from the judgment of conviction in the California Court of Appeal?

[X] Yes [ ] No

11. If you appealed in the California Court of Appeal, answer the following:

(a) Result: **MODIFIED.**

(b) Date of result (if known): October 17, 2006.

(c) Case number and citation (if known): **G-036173**

(d) Names of Judges participating in case (if known):
IKOLA, J.
BEDSWORTH, ACTING P.J. and O'LEARY, J.

(e) Grounds raised on direct appeal:
(1) THE EVIDENCE WAS INSUFFICIENT TO SUPPORT APPELLATE'S CONVICTION FOR TRANSPORTATION OR POSSESSION FOR SALE OF METHAMPHETAMINE; THUS THE JUDGMENT WITH RESPECT TO COUNTS ONE AND TWO MUST BE REVERSED AND THESE COUNTS DISMISSED. NOT VACATE THIS PORTION OF THE JUDGMENT WOULD VIOLATE APPELLANT'S DUE PROCESS RIGHT SECURED BY THE UNITED STATES CONSTITUTION.
(2) IN THE ALTERNATIVE, THE SENTENCE INPOSED ON COUNT THREE MUST STAYED PURSUANT P.C. §654.

12. If you sought further direct review of the decision on appeal by the California Supreme Court (e.g., a Petition for Review), please answer the following:

(a) Result: **DENIED**

(b) Date of result (if known): November 20, 2006

(c) Case number and citation (if known):

**S-147580**

(d) Grounds raised: THE EVIDENCE WAS INSUFFICIENT TO SUPPORT APPALIATE'S CONVICTION FOR TRANSPORTATION OR POSSESSION FOR SALE OF METHAMPHETAMINE; THUS THE JUDGMENT WITH RESPECT TO COUNTS ONE AND TWO MUST BE REVERSED AND THESE COUNTS DISMISSED. NOT VACATE THIS PORTION OF THE JUDGMENT WOULD VIOLATE APPELLANT'S DUE PROCESS RIGHT SECURED BY THE UNITED STATES CONSTITUTION.

13. If you filed a petition for certiorari in the **United States Supreme Court**, please answer the following with respect to that petition: N/A.

(a) Result:

(b) Date of result (if known):

(c) Case number and citation (if known):

(d) Grounds raised:

## COLLATERAL REVIEW IN STATE COURT

14. Other than a direct appeal from the judgment of conviction and sentence, have you previously filed any petitions, applications, or motions (e.g., a Petition for Writ of Habeas Corpus) with respect to this judgment in the **California Superior Court**?

[X] Yes [ ] No

15. If your answer to #14 was "Yes," give the following information:

(a) **California Superior Court** Case Number (if known): **M-10985**

(b) Nature of proceeding:

HABEAS CORPUS PETITION.

(c) Grounds raised:

(1) THE TRIAL COURT INCORRECTLY RELIED ON THE MARSDEN.
(2) THE TRIAL COURT FAILURE TO ALLOW PETITIONER'S TO DISCHARGE A RETAINED COUNSEL IN RESULTS VIOLATED PETITIONER SIX (6) AMENDMENT RIGHTS SECURED AND PROTECTED BY U.S. CONSTITUTION.

(d) Did you receive an evidentiary hearing on your petition, application or motion?

[ ] Yes [X] No

(e) Result: DENIED.

(f) Date of result (if known):

September 13, 2006.

16. Other than a direct appeal from the judgment of conviction and sentence, have you previously filed any petitions, applications, or motions (e.g., a Petition for Writ of Habeas Corpus) with respect to this judgment in the **California Court of Appeal**?

[X] Yes [ ] No

17. If your answer to #16 was "Yes," give the following information:

(a) **California Court of Appeal** Case Number (if known): **G-038056**

(b) Nature of proceeding: HABEAS CORPUS PETITION.

(c) Names of Judges participating in case (if known)

N/A.

(d) Grounds raised:
(1) THE TRIAL COURT INCORRECTLY RELIED ON THE MARSDEN
(2) THE TRIAL COURT FAILURE TO ALLOW PETITIONER'S TO DISCHARGE A RETAINED COUNSEL IN RESULTS VIOLATED PETITIONER SIX (6) AMENDMENT RIGHTS SECURE AND PROTECTED BY U.S. CONSTITUTION.

(e) Did you receive an evidentiary hearing on your petition, application or motion?

☐ Yes ☒ No

(f) Result: DENIED.

(g) Date of result (if known):

February 08, 2007.

18. Other than a direct appeal from the judgment of conviction and sentence, have you previously filed any petitions, applications, or motions (e.g., a Petition for Writ of Habeas Corpus) with respect to this judgment in the **California Supreme Court**?

☒ Yes ☐ No

19. If your answer to #18 was "Yes," give the following information:

(a) **California Supreme Court** Case Number (if known): **S-151724**

(b) Nature of proceeding:

HABEAS CORPUS PETITION.

(c) Grounds raised:
(1) THE TRIAL COURT INCORRECTLY RELIED ON THE MARSDEN.
(2) THE TRIAL COURT FAILURE TO ALLOW PETITIONER'S TO DISCHARGE A RETAINED COUNSEL IN RESULTS VIOLATED PETITIONER SIX (6) AMENDMENT RIGHTS SECURED AND PROTECTED BY U.S. CONSTITUTION.

(d) Did you receive an evidentiary hearing on your petition, application or motion?

☐ Yes ☒ No

(e) Result: **DENIED.**

(f) Date of result (if known): August 29, 2007

**20.** If you did *not* file a petition, application or motion (e.g., a Petition for Review or a Petition for Writ of Habeas Corpus) with the California Supreme Court, containing the grounds raised in this federal Petition, explain briefly why you did not:

N/A.

## COLLATERAL REVIEW IN FEDERAL COURT

**21.** Is this your **first** federal petition for writ of habeas corpus challenging this conviction?
☒ Yes ☐ No (IF "YES" SKIP TO #22)

(a) If no, in what federal court was the prior action filed?

(i) What was the prior case number?

(ii) Was the prior action (CHECK ONE):

Denied on the merits? ☐

Dismissed for procedural reasons? ☐

(iii) Date of decision:

(b) Were any of the issues in this current petition also raised in the prior federal petition?
☐ Yes ☐ No

(c) If the prior case was denied on the merits, has the Ninth Circuit Court of Appeals given you permission to file this second or successive petition?
☐ Yes ☐ No

---

**CAUTION:**

- **Exhaustion of State Court Remedies:** In order to proceed in federal court you must ordinarily first exhaust your state court remedies as to each ground on which you request action by the federal court. This means that even if you have exhausted some grounds by raising them before the California Supreme Court, you must first present ***all*** other grounds to the California Supreme Court before raising them in your federal Petition.
- **Single Petition:** If you fail to set forth all grounds in this Petition challenging a specific judgment, you may be barred from presenting additional grounds challenging the same judgment at a later date.
- **Factual Specificity:** You must state facts, not conclusions, in support of your grounds. For example, if you are claiming incompetence of counsel you must state facts specifically setting forth what your attorney did or failed to do. A rule of thumb to follow is — state who did exactly what to violate your federal constitutional rights at what time or place.

---

## GROUNDS FOR RELIEF

22. **State *concisely* every ground on which you claim that you are being held in violation of the constitution, law or treaties of the United States. Summarize *briefly* the facts supporting each ground.** If necessary, you may attach pages stating additional grounds and/or facts supporting each ground.

(a) **GROUND ONE**: THE EVIDENCE WAS INSUFFICIENT TO SUPPORT PETITIONER'S CONVICTION FOR TRANSPORTATION AND/OR POSSESSION FOR SALE OF METHAMPHETAMINE

**Supporting FACTS** (state *briefly* without citing cases or law)

**"PLEASE SEE MEMORANDUM OF POINT AND AUTHORITIES IN SUPPORT."**

**Did you raise GROUND ONE in the California Supreme Court?**
XX Yes ☐ No.

(b) **GROUND TWO**: THE TRIAL COURT FAILURE TO ALLOW PETITIONER'S TO DISCHARGE HIS RETAINED COUNSEL AS A RESULTS VIOLATED PETITIONER'S SIX AMENDMENT RIGHT, SECURED AND PROTECTED BY UNITED STATES CONSTITUTION.

**Supporting FACTS** (state *briefly* without citing cases or law):

**"PLEASE SEE MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT."**

**Did you raise <u>GROUND TWO</u> in the California Supreme Court?**
XX Yes ☐ No.

(c) **GROUND THREE**:

N/A

Supporting FACTS (state *briefly* without citing cases or law):

N/A.

Did you raise GROUND THREE in the California Supreme Court?

Yes No.

(d) GROUND FOUR:

N/A.

Supporting FACTS (state *briefly* without citing cases or law):

N/A.

Did you raise GROUND FOUR in the California Supreme Court?

Yes No.

23. Do you have any petition or appeal **now pending** in any court, either state or federal, pertaining to the judgment under attack?
☐ Yes ☒ No

24. If your answer to #23 is "Yes," give the following information:
(a) Name of Court:
(b) Case Number:
(c) Date action filed: N/A.
(d) Nature of proceeding:

(e) Name(s) of judges (if known):
(f) Grounds raised:

N/A.

(g) Did you receive an evidentiary hearing on your petition, application or motion?
☐ Yes ☐ No

N/A.

25. Give the name and address, if known, of each attorney who represented you in the following stages of the judgment attacked herein:
(a) At preliminary hearing . . . . . . . .
JAMES H. CESENA, ATTOTRNEY AT LAW
745 WEST CHAPMAN AVENUE, ORANGE, CA. 92683.
(b) At arraignment and plea . . . . . . .

SAME AS ABOVE.
(c) At trial . . . . . . . . . . . . . . . . . . . . . .

SAME AS ABOVE.
(d) At sentencing . . . . . . . . . . . . . . . .

SAME AS ABOVE.
(e) On appeal . . . . . . . . . . . . . . . . . . .
LEONARD J. KLAIF
P.O. BOX 1657, OJAI, CA. 93024.
(f) In any post-conviction proceeding .
N/A.

(g) On appeal from any adverse ruling in a post-conviction proceeding:

N/A.

26. Were you sentenced on more than one count of an indictment, or on more than one indictment, in the same court and at the same time?
[XX] Yes [ ] No

27. Do you have any future sentence to serve after you complete the sentence imposed by the judgment under attack?
[ ] Yes [XX] No

(a) If so, give name and location of court that imposed sentence to be served in the future:

N/A.

(b) Give date and length of the future sentence:

N/A.

(c) Have you filed, or do you contemplate filing, any petition attacking the judgment which imposed the sentence to be served in the future?
[ ] Yes [XX] No

28. Consent to Magistrate Judge Jurisdiction

In order to insure the just, speedy and inexpensive determination of Section 2254 habeas cases filed in this district, the parties may waive their right to procced before a district judge and consent to magistrate judge jurisdiction. Upon consent of all the parties under 28 U.S.C. § 636(c) to such jurisdiction, the magistrate judge will conduct all proceedings including the entry of final judgment. The parties are free to withhold consent without adverse substantive consequences.

The Court encourages parties to consent to a magistrate judge as it will likely result in an earlier resolution of this matter. If you request that a district judge be designated to decide dispositive matters, a magistrate judge will nevertheless hear and decide all non-dispositive matters and will hear and issue a recommendation to the district judge as to all dispositive matters.

You may consent to have a magistrate judge conduct any and all further proceedings in this case, including the entry of final judgment, by indicating your consent below.

Choose only one of the following:

[XX] Plaintiff consents to magistrate judge jurisdiction as set forth above.

**OR**

[ ] Plaintiff requests that a district judge be designated to decide dispositive matters and trial in this case.

29. Date you are mailing (or handing to a correctional officer) this Petition to this court:

Wherefore, Petitioner prays that the Court grant Petitioner relief to which he may be entitled in this proceeding.

N/A.

SIGNATURE OF ATTORNEY (IF ANY)

I declare under penalty of perjury that the foregoing is true and correct. Executed on

JANUARY 17, 2008

(DATE)

SIGNATURE OF PETITIONER

MA BINH THANH
SALINAS VALLEY STATE PRISON
P.O. BOX 1050
SOLEDAD, CA. 93960-1060
V-98179, D9-108L.

IN THE UNITED STATE DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA.

In re:

MA BINH THANH, Petitioner,
v.
M. EVANS, Warden, Respondent,

CASE NO. 04ZF0068
WRIT OF HABEAS CORPUS
MEMORANDUM OF POINTS
AND AUTHORITIES IN SUPPORT.

IN THE UNITED STATES FEDERAL DISTRICT COURT FOR THE STATE OF CALIFORNIA AND ALL INTERESTED PARTIES, HERETO:

INTO COURT COMES NOW MA BINH THANH, HEREINAFTER KNOWN AS PETITIONER, BY AND THROUGH HIS PRISONS INMATES LEGAL ASSISTANT AND IN PROPRIA PERSONA, WHO RESPECTFULLY PETITIONS THIS HONORABLE COURT FOR A WRIT OF HABEAS CORPUS DIRECTED TO THE SUPERIOR COURT, COUNTY OF ORANGE, ORDERING THE PETITIONER MA BINH THANH CONVICTION REVERSED, TO THE EXTENT THAT HIS CONTINUED INCARCERATION IN STATE PRISON IS IN A VIOLATION OF THE CALIFORNIA AND FEDERAL CONSTITUTIONS, AS WELL AS THE LAWS OF THE STATE OF CALIFORNIA. AND FEDERAL LAWS.

BY VERIFIED PETITION, IT IS ALLEGED:

I

PETITIONER MA BINH THANH IS THE DEFENDANT IN THE CRIMINAL ACTION OF THE PEOPLE OF THE STATE OF CALIFORNIA VERSUS MA BINH THANH, ORANGE COUNTY, CASE NUMBER 04ZF0068. PETITIONER IS UNLAWFULLY RESTRAINTS OF HIS LIBERTY BY HIS CONTINUED CONFINEMENT IN THE CALIFORNIA DEPARTMENT OF CORRECTION.

II

PETITIONER MA BINH THANH WAS CHARGED IN THE ORANGE COUNTY SUPERIOR COURT WITH THREE (3) COUNTS AS FOLLOWS: COUNT ONE, POSSESSION FOR SALE OF METHAMPHETAMINE, PENAL CODE § 11378, COUNT TWO, TRANSPORTATION OF METHAMPHETAMINE, PENAL CODE § 11379(a) AND COUNT THREE, POSSESSION OF A FIREARM BY A FELON, PENAL CODE § 12021(b)(1).

III

PETITIONER MA BINH THANH WAS ADJUDICATED TO A TERM OF FOURTEEN (14) YEARS AND FOUR (4) MONTHS IN CALIFORNIA STATE PRISON.

IV

PETITIONER MA BINH THANH ALLEGED AND BELIEVED THAT THE TRIAL COURT DENIED PETITIONER MA BINH THANH TO DISCHARGE HIS RETAINED COUNSEL WAS IN A VIOLATION OF THE SIX AMENDMENT RIGHTS, THE RIGHT TO COUNSEL OF CHOICE, SECURED AND PROTECTED BY UNITED STATES CONSTITUTION.

V

PETITIONER MA BINH THANH ALSO ALLEGED AND BELIEVES THAT

THE EVIDENCE WAS USE AND CONVICTED PETITIONER'S WERE INSUFFICIENT EVIDENCE TO SUPPORT THE CHARGE AGAINST PETITIONER'S.

VI

PETITIONER MA BINH THANH RESPECTFULLY APPRISES THIS HONORABLE COURT THAT HIS CONTENTIONS IN SUPPORT OF THIS PETITION FOR HABEAS CORPUS RELIEF ARE FULLY SET FORTH IN THE ACCOMPANYING MEMORANDUM OF POINTS AND AUTHORITIES AND INCORPORATED BY REFERENCE, HEREIN. PETITIONER MA BINH THANH FURTHER CONTENTS THAT HABEAS CORPUS RELIEF IS THE APPROPRIATE REMEDY FOR PETITIONER'S UNLAWFUL INCARCERATION. FUNDAMENTAL CONSTITUTIONAL DEFECTS AMOUNTING TO DENIAL OF RIGHTS TO COUNSEL OF CHOICE AND DUE PROCESS "DO NOT BECOME IRREMEDIABLE WHEN JUDGMENT OF CONVICTION BECOME FINAL.." IN RE. COUGHLIN (1976) 16 CAL.3d 52, 55, 127 CAL.RPTR. 337, 545 P.2d 249; ALSO SEE IN RE. FOSS (1974) 10 CAL.3d 910, 916-917, 112 CAL.RPTR. 649, 519 P.2d 1073.

PETITIONER MA BINH THANH FURTHER ACKNOWLEDGES THAT THE APPROPRIATE PROCEDURE IS TO FILE A PETITION CONTAINING "FACTUAL ALLEGATION". THAT ARE SUCH FORM THE PERJURY MAYBE ASSIGNED ON THOSE ALLEGATIONS, IF THEY ARE ARE FALSE [ib] THE PRIMA FACIE CASE FOR RELIEF MAYBE ESTABLISHED THROUGH A COMBINATION OF THE RECORD IN THIS CASE.

WHEREFORE, PETITIONER MA BINH THANH RESPECTFULLY PRAYS THAT A WRIT OF HABEAS CORPUS PETITION WILL BE ORDERED ISSUED BY THIS HONORABLE COURT BY REVERSED PETITIONER'S

CONVICTION.

PETITIONER'S RESPECTFULLY SUBMITTED THIS PETITION.

DATED: JANUARY 17, 2008. RESPECTFULLY SUBMITTED,

MA BINH THANH.

IN PROPRIA PERSONA

# ISSUES PRESENTED FOR REVIEW

THE ISSUES PRESENTED FOR REVIEW IS WHETHER A CONVICTION FOR POSSESSION OF A CONTROLLED SUBSTANCE AND POSSESSION OF A FIREARM IS SUPPORTED BY SUBSTANTIAL EVIDENCE AND MAY STAND WHEN THE ONLY EVIDENCE IN ADDITION TO THE PETITIONER'S PRESENCE IN THE CAR IN WHICH THE CONTRABAND WAS FOUND, WAS AN ALLEGED "FURTIVE GESTURE" AND WHETHER CONVICTIONS ON SUCH EVIDENCE VIOLATES THE DUE PROCESS CLAUSE OF THE UNITED STATES CONSTITUTION.

FURTHERMORE, THE TRIAL COURT COMMITTED REVERSIBLE ERROR IN DENYING PETITIONER'S MOTION TO DISCHARGE HIS RETAINED COUNSEL BY UTILIZED THE WRONG STANDARD IN ADDRESSING PETITIONER'S REQUESTED TO DISCHARGE HIS RETAINED COUNSEL, AS A RESULTS, THE TRIAL COURT VIOLATED PETITIONER'S SIXTH AMENDMENT RIGHTS OF THE UNITED STATES CONSTITUTION.

# NECESSARY FOR REVIEW

THIS CASE PROVIDES THIS COURT WITH THE OPPORTUNITY TO COMMENT ON THE QUESTION OF WHETHER AN INDIVIDUAL'S PRESENCE AS A PASSENGER IN A CAR, ALONG WITH A GESTURE, THE ARRESTING OFFICER INTERPRETS AS "FURTIVE" IN SUFFICIENT TO SUSTAIN A CONVICTION FOR POSSESSION OF CONTRABAND FOUND IN THE CAR.

FURTHERMORE IN THIS CASE ALSO PROVIDES THIS COURT WITH ANOTHER OPPORTUNITY TO COMMENT ON THE QUESTION WHETHER OR NOT THAT THE TRIAL COURT UTILIZED THE WRONG STANDARD IN ADDRESSING PETITIONER'S REQUESTED TO DISCHARGE A RETAINED COUNSEL IS IN VIOLATION OF THE SIXTH AMENDMENT RIGHTS SECURED AND PROTECTED BY UNITED STATES CONSTITUTION.

# STATEMENT OF THE CASE

PETITIONER MA BINH THANH WAS CHARGED IN A THREE COUNTS SECOND AMENDED INDICTMENT AS FOLLOWS: COUNT ONE, POSSESSION FOR SALE OF METHAMPHETAMINE, PENAL CODE §11378; COUNT TWO, TRANSPORTATION OF METHAMPHETAMINE, PENAL CODE §11379(a); COUNT THREE, POSSESSION OF A FIREARM BY A FELON, PENAL CODE §12021(b)(1). IT'S ALSO ALLEGED WITH RESPECT TO COUNT ONE AND TWO, THAT PETITIONER'S WAS PERSONALLY ARMED WITH A FIREARM PURSUANT TO PENAL CODE §12022(c). IN ADDITION, IT WAS ALLEGED THAT PETITIONER'S WAS OUT ON BAIL TWO SEPARATE MATTERS AT THE TIME OF THE COMMISSION OF THE INSTANT OFFENSE PENAL CODE §12022.1(b). FINALLY, IT'S WAS ALLEGED THAT PETITIONER'S HAD BEEN PREVIOUSLY CONVICTED A SERIOUS OR VIOLENT FELONY PENAL CODE §667(b) AND §1170.12(c), AND HAD BEEN SERVED TWO PRIOR PRISON TERMS PENAL CODE §667.5(b). PETITIONER'S MOTION TO SUPPRESS WAS DENIED. PETITIONER'S MOTION TO CONTINUE THE TRIAL TO ALLOW HIM TO REPLACE A RETAINED COUNSEL WITH A DIFFERENT RETAINED COUNSEL WAS ALSO DENIED.

A JURY CONVICTED PETITIONER'S AS CHARGED ON COUNT ONE, TWO AND THREE, WITH THE ENHANCEMENT FOUND TRUE ON COUNTS ONE AND TWO. FOLLOWING A COURT TRIAL, THE OUT ON BAIL, PRIOR CONVICTION AND PRIOR TERM ALLEGATIONS WERE FOUND TO BE TRUE. PETITIONER'S MOTION FOR NEW TRIAL

WERE DENIED.

ON AUGUST 15, 2005, PETITIONER'S WAS SENTENCED TO A PRISON TERM OF FOURTEEN YEARS AND FOUR MONTHS AS FOLLOWS: COUNT ONE AS IMPOSED AN UPPER TERM OF THREE YEARS, DOUBLE TO SIX, TWO YEARS CONSECUTIVE TERM PURSUANT TO PENAL CODE §12022.1(b), AS WAS CONSECUTIVE FOUR YEARS TERM PURSUANT TO PENAL CODE §12022(c) AND A CONSECUTIVE TERM OF ONE YEAR AND FOUR MONTHS WAS IMPOSED ON COUNT THREE. IN ADDITION, ONE YEAR TERM WAS IMPOSED PURSUANT PENAL CODE §667.5(b) AND SENTENCED ON COUNT TWO WAS STAYED PURSUANT TO PENAL CODE §654.

# STATEMENT OF THE FACTS.

ON APRIL 13, 2004, AT ABOUT 9:00 IN THE EVENING, PETITIONER MA BINH THANH GIRLFRIEND LINH TRINH BORROWED PETITIONER'S CAR TO GO OUT WITH THEIR DAUGHTER. AS MS. TRINH WAS GETTING READY TO LEAVE, PETITIONER'S FRIEND HUYNH ARRIVED AND PETITIONER'S LEFT IN HUYNH CAR AS MS. TRINH LEFT IN PETITIONER'S CAR. SHORTLY THEREAFTER, WESTMINSTER POLICE SERGEANT THOMAS FINLEY SAW A SILVER TOYOTA ROLL THROUGH A STOP SIGN WITHOUT COMING TO A COMPLETE STOP. IN RESPONSE, OFFICER FINLEY ACTIVATING HIS HEAD LIGHT AND SIREN, HUYNH PULLED OVER INTO THE PARKING LOT OF A NEAR WAL-MART AND STOPPED FOR A SHORT TIME. OFFICER FINLEY SAW A FRONT PASSENGER MOVING AROUND IN THE CAR. WHEN THE BACK UP OFFICERS ARRIVED, OFFICER FINLEY APPROACHED THE VEHICLE AND SAW PETITIONER WAS LEANING FORWARD AND OFFICER FINLEY COULD NOT SEE PETITIONER'S HAND SO OFFICER FINLEY'S ORDERED PETITIONER TO KEEP HIS HAND UP, WHICH PETITIONER'S COMPLIED. OFFICER FINLEY REQUESTED BACK UP OFFICER EMERSON SEARCH THE VEHICLE, WHICH WAS REGISTERED TO HUYNH'S SISTER. OFFICER EMERSON FOUND A BLACK POUCH CONTAINING A BAGGIE WITH WHITE POWDERY SUBSTANCE IN THE MIDDLE CONSOLE AND A HANDGUN UNDER THE PASSENGER SEAT OF THE VEHICLE. BOTH BAGGIE CONTAINING METHAMPHETAMINE AND HANDGUN WERE CHECKED FOR FINGERPRINT, BUT PETITIONER'S PRINT WAS NOT FOUND.

ON JANUARY 18, 2005, PETITIONER MA BINH THANH APPEARED IN COURT WITH HIS RETAINED COUNSEL MR. CESENA AND ASKED FOR MOTION TO CONTINUE TRIAL BUT IT'S WAS DENIED DUE TO HIS RETAINED COUNSEL FAILED TO COMPLY WITH PENAL CODE §1050(b). PETITIONER MA BINH THANH REQUESTED THROUGH HIS ATTORNEY THAT THE CASE BE CONTINUED SO THAT WITNESS LINH TRINH CAN BE SUBPOENAED TO TESTIFY BUT THE MOTION ALSO WERE DENIED. PETITIONER MA BINH THANH THEN REQUESTS TO DISCHARGE HIS RETAINED COUNSEL. HOWEVER, THE REQUESTS WAS DENIED DUE TO THE MARSDEN HEARING DOES NOT APPLY TO THE RETAINED COUNSEL. PETITIONER'S ATTORNEY MR. CESENA FILED MOTION TO CHANGE OF VENUE, MOTION WAS GRANTED AND JURY TRIAL WAS REASSIGNED TO CENTRAL COURT P.J. JAMES MARION, IN DEPARTMENT C-39. AGAIN PETITIONER'S REQUESTED TO DISCHARGE HIS RETAINED COUNSEL AND THE TRIAL COURT CONDUCTED A MARSDEN HEARING. AFTER THE FACTS THAT THE TRIAL COURT CONDUCTED A MARSDEN HEARING AND ASKED PETITIONER'S THE REASON WHY HE WANT TO DISCHARGE HIS RETAINED COUNSEL, AFTER PETITIONER'S DEMONSTRATED THE REASONS WHY HE WANTED TO DISCHARGE HIS RETAINED COUNSEL THEN THE TRIAL COURT DENIED PETITIONER'S REQUESTS DUE TO IT'S UNTIMELY.

# QUESTIONS PRESENTED

#1: DOES THE EVIDENCE PRESENTED AT THE JURY TRIAL IS SUFFICIENT EVIDENCE TO CONVICTED PETITIONER'S ?

#2: IS THERE SUFFICIENT EVIDENCE FOR RATIONAL TRIER OF THE FACT TO FIND BEYOND REASONABLE DOUBT THAT PETITIONER EXERCISE CARE, CUSTODY, CONTROL OR MANAGMENT OVER THE CONTRABANDS ?

#3: DOES THE MARSDEN HEARING IS AN APPROPRIATE HEARING TO DISCHARGE A RETAINED COUNSEL?

#4: DOES THE TRIAL COURT ERRONEOUSLY DENIED PETITIONER'S REQUEST TO DISCHARGE A RETAINED COUNSEL BY USING THE STANDARD APPLICABLE FOR THE DISCHARGE OF APPOINTED COUNSEL, THEREBY DENYING PETITIONER'S RIGHT TO COUNSEL OF CHOICE?

# OPINIONS BELOW

THE OPINIONS OF THE STATE OF CALIFORNIA TRIBUNALS ARE ATTACHED AS EXHIBITS FOR THIS HONORABLE COURT'S REFERENCE AT THE APPENDIX (EXHIBITS B THROUGH E).

PETITIONER'S HABEAS CORPUS APPLICATION DENIED BY THE ORANGE COUNTY SUPERIOR COURT IS ATTACHED AS EXHIBIT 'B', CASE NO. M-10985, DATED SEPTEMBER 13, 2006.

PETITIONER'S HABEAS CORPUS APPLICATION DENIED BY THE SIXTH APPELLATE DISTRICT COURT, DATED FEBRUARY 08, 2007, IS ATTACHED AS EXHIBIT 'C', IN CASE NO. G-038056.

PETITIONER'S HABEAS CORPUS APPLICATION DENIED BY THE CALIFORNIA SUPREME COURT IS ATTACHED AS EXHIBIT 'D', IN CASE NO. S-151724, DATED AUGUST 29, 2007.

A COMPLETE AND CORRECT PHOTOCOPY OF PETITIONER'S HABEAS CORPUS APPLICATION AS PRESENTED TO THE CALIFORNIA STATE SUPREME COURT IS ATTACHED AS EXHIBIT 'E'.

# JURISDICTION

FINAL JUDGMENT OF THE CALIFORNIA STATE SUPREME COURT ON WRIT OF HABEAS CORPUS WAS FILED ON APRIL 02, 2007. FINAL JUDGMENT OF THE CALIFORNIA STATE SUPREME COURT ON A DIRECT APPEAL WAS FILED ON NOVEMBER 20, 2006. PETITIONER MA BINH THANH ACTED WITH ALL POSSIBLE DUE DILIGENCE TO FILE THE INSTANT PETITION FOR WRIT OF HABEAS CORPUS. JURISDICTION OF THE HONORABLE UNITED STATES DISTRICT COURT IS RESPECTFULLY INVOKED PURSUANT TO 28 U.S.C. § 1245 (a) AND THIS APPLICATION IS TIMELY FILED, PURSUANT TO 28 U.S.C. § 2101 (c).

# PROCEDURAL DEFAULT

PETITIONER MA BINH THANH POINTS OUT THAT, "WHERE AN APPELLATE COURT AFFIRMS A HABEAS CORPUS DECISION WITHOUT OPINION [AS IN THE INSTANT PROCEEDING]," THE FOLLOWING PRESUMPTION APPLIES: WHERE THERE HAS BEEN ONE REASONED STATE JUDGMENT REJECTING A FEDERAL CLAIMS LATER UNEXPLAINED ORDERS UPHOLDING THAT JUDGMENT OR REJECTION OF THE CLAIM REST UPON THE SAME GROUND.

PETITIONER'S FURTHER CONTENDS HE HAS "FAIRLY PRESENTED" HIS FEDERAL CLAIM, IN ACCORDANCE WITH O'SULLIVAN V. BOERCKEL [526 U.S. 838, 845 (1999) HOLDING THAT WHERE A COURT HAS IN FACT RULED ON A CLAIM, THERE IS NO POSSIBILITY OF "FRICTION BETWEEN THE STATE AND FEDERAL COURT SYSTEM" CAUSED BY THE

THE UNSEEMLINESS OF A FEDERAL DISTRICT COURT'S OVERTURNING A STATE COURT CONVICTION WITHOUT THE STATE COURT'S HAVING HAD AN OPPOTUNITY TO CORRECT THE CONSTITUTIONAL VIOLATION IN THE FIRST INSTANCE.], AND LYONS V. CRAWFORD [232 F.3d 666, 668 (9th Cir. 2000). "ORDINARILY FAIRLY PRESENTING A FEDERAL CLAIM MEANS THAT THE PETITIONER MUST MAKE THE FEDERAL BASIC OF THE CLAIM EXPLICIT EITHER BY CITING FEDERAL LAW OR THE DECISIONS OF THE FEDERAL COURT, EVEN IF THE FEDERAL BASIC IS SELF-EVIDENT.].

## STATE REVIEW

PETITIONER MA BINH THANH RESPECTFULLY SUBMITS THAT, EVEN THOUGH HE MADE THE CALIFORNIA STATE TRIBUNAL AWARE OF HIS FEDERAL CLAIMS, THERE WAS NEITHER A REVIEW ON THE MERITS, NOR ANY MENTION OF THE FEDERAL CLAIM IN THE STATE COURT DECISION.

PETITIONER MA BINH THANH RESPECTFULLY POINTS OUT THIS HONORABLE COURT HAS HELD, "IT IS FUNDAMENTAL UNFAIR TO DISMISS THE PETITION WITHOUT A HEARING ON THE MERITS. JUSTICE FAVORS A HEARING ON THE MERITS." SEE CONLEY V. GIBSON, 335 U.S. 41, 2 L.ED.2D 80, 78 S.CT. 99 (1957).

PETITIONER MA BINH THANH FURTHER RESPECTFULLY POINTS OUT THAT, INASMUCH AS THERE WAS NO REVIEW ON THE MERITS BY THE STATE COURT, SECTION §2254(d)(1) DOES NOT PRECLUDE THIS HONORABLE COURT FROM GRANTING THE INSTANT APPLICATION, BECAUSE NO FULL

AND FAIR ADJUDICATION OF THE FEDERAL CLAIMS OCCURED IN THE STATE SYSTEM.

PETITIONER'S MOREOVER RESPECTFULLY POINTS OUT THAT IN ORAL ARGUMENT BEFORE THIS HONORABLE COURT IN THE RECENT CASE ANDRADE AND EWING REVIEWS, THE CALIFORNIA ATTORNEY GENERAL SPECIFICALLY CITED PEOPLE V. GARCIA 20 CAL. 4th 490, 976 P.2d 831 (1999) AS A CALIFORNIA STATE PETITIONER'S OPPORTUNITY TO HAVE HIS STRIKE DISMISSED BUT NO SUCH REVIEW WAS PROVIDED TO PETITIONER. IN POINT OF FACT, THE STATE TRIBUNALS DID NOT REVIEW PETITIONER ENHANCEMENTS BY THE SENTENCING COURT, DESPITE THE SPECIOUS ARGUMENT PROVIDED BY THE STATE'S ATTORNEY GENERAL TO THIS HONORABLE COURT. PETITIONER MA BINH THANH ACKNOWLEDGE THAT THIS HONORABLE COURT HAS HELD THAT FEDERAL COURT WILL NOT REVIEW A QUESTION OF FEDERAL LAW DECIDED BY A STATE COURT IF THE DECISION OF THAT COURT RESTS ON A STATE LAW GROUND THAT IS INDEPENDENT OF THE FEDERAL QUESTION AND ADEQUATE TO SUPPORT THE JUDGMENT. COLEMAN V. THOMPSON, 501 U.S. 722, 729 (1991).

PETITIONER'S CONCERN, HOWEVER, IS THAT THERE HAD BEEN NO REVIEW BY STATE TRIBUNALS AND THE FEDERAL COURTS ARE ALREADY AWARE THAT THE CALIFORNIA SUPREME COURT HAS ANNOUNCED IT'S INTENTION TO NOT CONDUCT SUCH A REVIEW. IN THAT INSTANT, PETITIONER MA BINH THANH CONTENDS THAT HE SHOULD HAVE THE BENEFITS OF FEDERAL REVIEW. COLEMAN V. THOMPSON, SUPRA AT PAGES 729-730 (IN THOSE CASES IN.

WHICH IT DOES FAIRLY APPEAR THAT THE STATE COURT RESTED IT'S DECISION ON FEDERAL GROUNDS, IT IS SIMPLY NOT TRUE THAT THE MOST REASONABLE EXPLANATION IS THAT THE STATE JUDGMENT RESTED ON FEDERAL GROUNDS.).

PETITIONER'S RESPECTFULLY DRAWS THIS HONORABLE COURT'S ATTENTION TO THE CALIFORNIA STATE SUPREME COURT'S ANNOUNCEMENT AT IN RE. ROBBINS [18 Cal. 4th 770 (1998)], WHERE THE CALIFORNIA HIGH COURT MADE IT CLEAR THAT IT WOULD NO LONGER CONSIDER FEDERAL LAW IN DENYING A PETITION:

> [W]E SHALL ASSUME, FOR THE PURPOSE OF ADDRESSING THE PROCEDURAL ISSUE, THAT A FEDERAL CONSTITUTIONAL ERROR IS STATE, AND WE SHALL FIND THE EXCEPTION INAPPOSITE IF, BASED UPON OUR APPLICATION OF STATE LAW, IT CANNOT BE SAID THAT THE ASSERTED ERROR LED TO A TRIAL THAT WAS SO FUNDAMENTAL UNFAIR THAT ABSENT THE ERROR NO REASONABLE JUDGE OR JURY WOULD HAVE CONVICTED THE PETITIONER. [Id.] AT PAGES 811-812, QUOTING IN RE. CLARK, 5 Cal. 4th 750, 797 (1993).

## STATUTE OF LIMITATIONS

PETITIONER'S ACKNOWLEDGES CALIFORNIA STATE IS ENTITLED TO THE EXPEDITED PROCEDURES AND FINALITY OF JUDGMENT, AS PROVIDED BY THE AEDPA, AS CODIFIED AT 28 U.S.C. §§ 2261-2266. HOWEVER, IN THESE PROCEEDINGS, THE STATE HAS MADE THE RULING ON AUGUST 12, 2007.

# MEMORANDUM OF POINTS AND AUTHORITIES

## I

## INTRODUCTION

BY THE INFORMATION WAS FILED ON APRIL 13, 2004, THE PETITIONER MA BINH THANH WERE CHARGED IN THREE COUNTS SECOND AMENDED INDICTMENT AS FOLLOWS: POSSESSION FOR SALE OF METHAMPHETAMINE, PENAL CODE § 11378, TRANSPORTATION OF METHAMPHETAMINE PENAL CODE § 11379 (a) AND POSSESSION OF A FIREARM BY A FELON PENAL CODE § 12021 (b)(1). IT'S ALSO ALLEGED WITH RESPECT TO COUNT ONE AND TWO, THAT PETITIONER MA BINH THANH WAS PERSONALLY ARMED WITH A FIREARM PURSUANT PENAL CODE § 12022 (c).

THE JURY CONVICTED PETITIONER MA BINH THANH AS CHARGED ON COUNT ONE, TWO AND THREE, WITH THE WEAPON ENHANCEMENT FOUND TRUE ON COUNTS ONE AND TWO (2). FOLLOWING THE COURT TRIAL; OUT ON BAIL, PRIOR CONVICTION AND PRIOR OF PRISON TERM ALLEGATIONS WERE FOUND TO BE TRUE.

PETITIONER MA BINH THANH MOTION TO SUPPRESS WAS DENIED, MOTION TO CONTINUE TRIAL TO ALLOW PETITIONER MA BINH THANH TO REPLACE RETAINED COUNSEL WITH DIFFERENT RETAIN COUNSEL WAS DENIED AND MOTION FOR NEW TRIAL WAS ALSO DENIED.

ON AUGUST 15, 2005, PETITIONER MA BINH THANH WAS SENTENCED TO A PRISON TERM OF FOURTEEN (14) YEARS AND

FOUR (4) MONTHS AS FOLLOWED: COUNT ONE (1) THE COURT IMPOSED THE UPPER TERM OF THREE (3) YEARS AND DOUBLE IS SIX (6); A TWO (2) YEARS CONSECUTIVE TERM PURSUANT PENAL CODE §12022.1, SUBDIVISION (b) WAS ALSO IMPOSED, AS WAS A CONSECUTIVE FOUR (4) YEARS TERM PURSUANT TO PENAL CODE §12022(c) AND A CONSECUTIVE TERM ONE (1) YEAR AND FOUR (4) MONTHS WAS IMPOSED PURSUANT TO PENAL CODE §667.5(b). SENTENCE ON COUNT TWO WAS STAYED PURSUANT TO PENAL CODE §1237(a).

## II

## THE EVIDENCE WAS INSUFFICIENT TO SUPPORT PETITIONER'S CONVICTION FOR TRANSPORTATION AND/OR POSSESSION FOR SALE OF METHAMPHETAMINE AND THE TRIAL COURT FAILURE TO ALLOW PETITIONER'S TO DISCHARGE HIS RETAINED COUNSEL AS IN RESULTS VIOLATED PETITIONER'S SIX AMENDMENT RIGHTS SECURED AND PROTECTED BY UNITED STATES CONSTITUTION.

CLAIM NUMBER ONE: THERE WAS INSUFFICIENT EVIDENCE OF PETITIONER'S POSSESSION OF THE METHAMPHETAMINE FOUND IN THE VEHICLE.

IN THIS INSTANT CASE, PETITIONER MA BINH THANH WAS CHARGED WITH AND CONVICTED OF TRANSPORTATION (COUNT TWO) AND POSSESSION OF METHAMPHETAMINE FOR SALE (COUNT ONE) BASED ON THE PRESENCE OF METHAMPHETAMINE CONTAINED IN A BLACK POUCH IN THE CENTER CONSOLE OF A VEHICLE

IN WHICH PETITIONER MA BINH THANH WAS A PASSENGER.
IT IS ASSERTED IN THIS ARGUMENT THAT THE EVIDENCE WAS INSUFFICIENT AS A MATTER OF LAW TO PROVE PETITIONER GUILTY OF THE CRIME OF POSSESSION FOR SALE OR TRANSPORTATION. POSSESSION INCLUDES PHYSICAL OR CONSTRUCTIVE POSSESSION WITH KNOWLEDGE OF THE PRESENSE AND CHARACTER OF THE DRUGS. PEOPLE V. WILLIAM (1971) 5 CAL.3d 211; PEOPLE V. JENKINS (1979) 91 CAL.APP.3d 579, 583. TO ESTABLISH POSSESSION, IT MUST BE SHOWN THAT THE ACCUSED EXERCISED DOMINION AND CONTROL OVER THE CONTRABAND. PEOPLE V. HUNT (1971) 4 CAL.3d 231, 236. CONSTRUCTIVE POSSESSION DOES NOT REQUIRE ACTUAL POSSESSION, BUT DOES REQUIRE THAT THE DEFENDANT KNOWINGLY HAVE THE RIGHT OF CONTROL OVER THE CONTRABAND. CONSTRUCTIVE POSSESSION MAY HAVE IMPUTED WHEN THE CONTRABAND IS FOUND IN A PLACE WHICH IS IMMEDIATELY AND EXCLUSIVELY ACCESSIBLE TO THE ACCUSED AND SUBJECT TO HIS DOMINION AND CONTROL, OR TO THE JOINT DOMINION AND CONTROL OF THE ACCUSED AND ANOTHER. PEOPLE V. NEWMAN (1971) 5 CAL.3d 48, 52, OVERRULED ON OTHER GROUNDS IN PEOPLE V. DANIELS (1975) 14 CAL.3d 857, 862. HOWEVER, MERE PROOF OF ACCESS TO A PLACE WHERE THE CONTRABAND IS FOUND, WITHOUT MORE SUPPORT A FINDING OF UNLAWFUL POSSESSION. PEOPLE V. SOTELO (1971) 18 CAL.APP.3d 9. SIMILARLY THE DEFENDANT'S MERE PHYSICAL PRESENCE IN THE COMPANY OF A POSSESSOR OF CONTRABAND IS NOT ENOUGH TO SUPPORT A CONVICTION. PEOPLE V. MARQUEZ (1968) 259 CAL.APP.2d 593, 605.
IN GOODLOW V. SUPERIOR COURT (1980) 101 CAL.APP.3d 969, 975,

THE COURT EMPHASIZED THAT OPPORTUNITY OF ACCESS IS NOT THE EQUIVALENT OF DOMINION AND CONTROL NECESSARY TO ESTABLISH CONSTRUCTIVE POSSESSION. THE COURT RELIED UPON A WELL ESTABLISHED LINE OF CASES TO SUPPORT IT'S CONCLUSION THAT OPPORTUNITY OF ACCESS TO A PLACE WHERE NARCOTICS ARE FOUND, WITHOUT MORE, WILL NOT SUPPORT A FINDING OF UNLAWFUL POSSESSION (IBID.; SEE ALSO UNITED STATES V. HIGHSMITH (9th CIR. 2001) 268 F.3d 1141 [EVEN THOUGH DEFENDANT HAD ACCESS TO AND DEALT DRUGS FROM HIS COHORT'S BEDROOM WHERE THE GUN WAS FOUND, THIS WAS INSUFFICIENT EVIDENCE OF CONSTRUCTIVE POSSESSION ABSENT EVIDENCE THAT THE DEFENDANT KNEW OF THE FIREARM]; UNITED STATES V. VALLEJO (9th CIR. 2001) 237 F.3d 1008, 1024 [GOVERMENT'S BURDEN TO SHOW DEFENDANT HAD KNOWLEDGE THAT THE CAR HE WAS DRIVING CONTAINED DRUGS]; UNITED STATES V. RAMIREZ (9th CIR. 1999) 176 F.3d 1179 [POSSESSION NOT ESTABLISHED BY THE DEFENDANT'S MERE PRESENCE IN A DRUG-LADEN VEHICLE, OR MERE KNOWLEDGE OF THE PRESENSE OF THE CONTRABAND]; UNITED STATES V. KELSO (9th CIR. 1991) 942 F.2d 680 [ACCESS TO GUN IS NECESSARY BUT INSUFFICIENT TO ESTABLISH CONSTRUCTIVE POSSESSION].)

IN THIS INSTANT CASE, PETITIONER MA BINH THANH WAS DRIVING AS A PASSENGER IN A CAR OWNED BY THE DRIVER'S SISTER. PETITIONER'S GOT INTO THE CAR WITHIN MINUTES OF THE STOP AND DISCOVERY OF THE DRUGS. THE DRUGS WERE FOUND INSIDE A BLACK POUCH, INSIDE THE CENTER CONSOLE OF THE S.U.V. WHILE THE COVER OF THE CONSOLE WAS MISSING, THE DRUGS

WERE NOT IN PLAIN VIEW, BUT RATHER INSIDE A BLACK POUCH AND THERE WERE NO FINGERPRINTS FOUND LINKING PETITIONER'S TO THE DRUGS. THERE WAS NO EVIDENCE OF PETITIONER'S RELATIONSHIP TO THE DRIVER, MERELY SPECULATION. OR GENERIC OPINION TESTIMONY OF OFFICER GARWOOD.

IN VIEW OF THE VERY SHORT TIME PETITIONER MA BINH THANH WAS IN THE VEHICLE, AND THE OTHER CIRCUMSTANCES OUTLINED ABOVE, THE EVIDENCE WAS SIMPLY INSUFFICIENT TO SUSTAIN THE PROSECUTOR'S BURDEN OF PROOF TO SHOW THAT PETITIONER'S HAD KNOWLEDGE OF THE PRESENCE OF DRUGS. PEOPLE V. BURNETT (1967) 251 CAL. APP. 2d 651, POSSESSION OF WEAPON CHARGE UPHELD WHEN DEFENDANT HAD EXCLUSIVE POSSESSION OF A FRIEND'S CAR FOR AT LEAST TWO WEEKS PRIOR TO THE ARREST FOR WEAPON FOUND IN THE CAR.

IN PEOPLE V. FLORES (1943) 58 CAL.APP. 2d 764, THE COURT HELD THE CIRCUMSTANTIAL EVIDENCE OF THE PRESENSE OF A DEFENDANT'S FINGERPRINT ON THE BACK OF A REAR WIEW MIRROR OF A STOLEN CAR WAS INSUFFICIENT TO SUPPORT A GRAND THEFT CONVICTION. IT ESTABLISHED, AT BEST, ONLY THAT THE DEFENDANT WAS IN THE CAR, BUT THERE WAS NO EVIDENCE, DIRECT OR OTHERWISE, TO SHOW THAT THE DEFENDANT WAS AT ANYTIME IN POSSESSION OF THE STOLEN PROPERTY. THE FLORES COURT NOTED THAT WHILE THE FACT THAT AN ACCUSED PERSON HAS AN OPPORTUNITY TO COMMIT THE CRIME WITH WHICH HE IS CHARGED MAYBE A CIRCUMSTANCE FROM WHICH, IN CONJUNCTION WITH OTHER CIRCUMSTANCES, GUILT MAY BE CONJECTURED OR INFERRED, GUILT

MUST NOT REST ON CONJECTURE. IT IS CERTAINLY NOT PERMISSIBLE TO "PILE CONJECTURE UPON CONJECTURE." HERE, THE EVIDENCE PROVIDED LESS THAN IN FLORES. PETITIONER MA BINH THANH WAS OBVIOUSLY IN THE VEHICLE, BUT HE WAS NOT IN ANY WAY ASSOCIATED WITH THE CONTRABAND FOUND IN THE MIDDLE CONSOLE OR INSIDE OF THE VEHICLE. THERE WERE NO INDICIA THAT PETITIONER OWNED THE SUV NOR KNEW OF THE PRESENCE OF THE METHAMPHETAMINE. HERE THE EVIDENCE WAS CLEARLY INSUFFICIENT TO SHOWN MORE THAN MERE PRESENCE; MORE THAN THIS MUST BE SHOWN IN ORDER TO PROVE CONSTRUCTIVE POSSESSION. PEOPLE V. JENKINS, SUPRA, 91 CAL. APP. 3d 579, 584 [DOMINION AND CONTROL MAY NOT BE INFERRED SOLELY FROM THE FACT OF DEFENDANT'S PRESENCE WHERE CONTRABAND LOCATED AT PREMISES OTHER THAN THOSE OF THE DEFENDANT].

THIS CASE MORE SIMILAR TO PEOPLE V. GLASS (1975) 44 CAL. APP. 3d 772. IN GLASS, THE DEFENDANT WAS FOUND IN AN APARTMENT WHERE A POLICE SEARCH UNCOVERED 240 GRAMS OF AMPHETAMINE, SOME HYPODERMIC NEEDLES AND SYRINGES. THE DEFENDANT WAS DISCOVERED HALF CLAD IN BED AT 11:30 AM. OTHER THAN HIS BOOTS AND SHIRT ON THE BEDROOM FLOOR, NO OTHER MEN'S CLOTHING WAS DISCOVERED IN THE RESIDENCE. NO LETTERS OR DOCUMENTS WERE FOUND ADDRESSED TO DEFENDANT AT THAT ADDRESS. ALL THE DOCUMENTS FOUND AT THE HOUSE WERE ADDRESSED TO SOMEONE ELSE AND THE MOST THAT COULD BE INFERRED FROM THE EVIDENCE WAS THAT THE

DEFENDANT WAS A VISITOR AT THE RESIDENCE. THE COURT OF APPEAL HELD THAT THE USUAL INFERENCES THAT MAY BE DRAW FROM JOINT POSSESSION AND CONTROL OF THE PREMISES WHERE THE CONTRABAND IS FOUND WERE IMPERMISSIBLE IN THAT CASE. THE PROSECUTOR'S PROOF AMOUNTED TO NO MORE THAN AN OPPORTUNITY OF ACCESS TO A PLACE WHERE CONTRABAND WAS FOUND, WHICH, WITHOUT MORE, WAS INSUFFICIENT TO SUPPORT A FINDING OF UNLAWFUL POSSESSION.

IN THIS CASE, THE CAR CLEARLY BELONGED TO THE DRIVER'S FAMILY. THERE WAS NO PROOF THAT PETITIONER MA BINH THANH HAD EVER BEEN IN THE CAR PRIOR TO TERM OF TEN OR FIFTEEN MINUTES PRIOR TO THE ARREST. IN ADDITION, THE DRUGS WERE NOT IN PLAIN VIEW AND PETITIONER DID NOT MAKE ANY "GESTURES" IN THE DIRECTION OF THE CENTER CONSOLE. THUS, THE EVIDENCE WAS INSUFFICIENT TO SUSTAIN THE JUDGMENT WITH RESPECT TO COUNTS ONE AND TWO.

IN ADDITION, DISMISSAL OF THESE COUNTS IS MANDATED AS THE DUE PROCESS CLAUSE OF THE 14th AMENDMENT TO THE UNITED STATES CONSTITUTION IS OFFENDED WHEN A CONVICTION IS BASED UPON INSUFFICIENT EVIDENCE. [BURKS V. UNITED STATES (1978) 437 U.S. 1; MIKES V. BORG (1991) 947 F.2d 353.]

<u>CLAIM NUMBER TWO</u>: THE TRIAL COURT APPLIED THE WRONG STANDARD IN DENYING PETITIONER'S REQUEST TO DISCHARGE A RETAINED COUNSEL, AS IN RESULTS VIOLATED PETITIONER'S

SIX AMENDMENT RIGHTS SECURED AND PROTECTED BY UNITED STATES CONSTITUTION.

IN THIS CASE, IT'S CLEARLY PETITIONER MA BINH THANH WANTED TO DISCHARGE HIS RETAINED COUNSEL BY REQUESTED HIS ATTORNEY'S TO ADDRESS THIS ISSUE WITH THE COURT. RIGHT BEFORE JURY SELECTION. HOWEVER, THE TRIAL COURT INCORRECTLY RESPONDED BY CONDUCTED A MARSDEN HEARING. (PLEASE SEE EXHIBIT A.).

PEOPLE V. MARSDEN, SUPRA, 2 CAL. 3d 118, MANDATES A COURT HEARING TO DETERMINE WHETHER A DEFENDANT'S APPOINTED COUNSEL OFFERS CONSTITUTIONALLY INADEQUATE REPRESENTATION WHEN DEFENDANT'S REQUESTS TO SUBSTITUTION OF APPOINTED COUNSEL.

IN ABSENCE OF THE DISTRICT ATTORNEY AND DEMAND BY TRIAL COURT, PETITIONER MA BINH THANH STATED HIS REASON FOR WANTED TO DISCHARGE HIS RETAINED COUNSEL, WHISH IS THE DISARGEEMENT BETWEEN PETITIONER'S AND HIS COUNSEL REGARDING TO TRIAL TACTICS AND PETITIONER'S ALSO COMPLAINS ABOUT HIS RETAINED COUNSEL DID NOT FILE CERTAIN MOTIONS THAT PETITIONER'S ASKED HIS ATTORNEY TO FILE AND THAT PETITIONER'S BELIEVED THAT HE WAS NOT GETTING THE SERVICE FOR WHICH HE WAS PAYING FOR THIS PRIVATELY RETAINED COUNSEL.

PEOPLE V. ORTIZ, 51 CAL.3d AT P. 982 - 984, THE TRIAL COURT MISTAKENLY TREATED DEFENDANT'S REQUEST AS A MARSDEN MOTION AND THAT MOTION WAS NOT APPROPRIATELY DECISION TO CONSIDER THE DEFENDANT'S COMPLAINTS AGAINST HIS RETAINED COUNSEL. IN ANY EVENT, THE DEFENDANT'S WAS NOT REQUIRED TO MEET THE ONEROUS MARSDEN FACTORS AND ESTABLISH AN IRRECONCILABLE CONFLICT TO DISCHARGE A RETAINED COUNSEL.

IN PEOPLE V. STEVEN (1984) 156 CAL.3d 1119, 1127, 203 CR. 505. MARSDEN DOES NOT APPLY TO RETAINED COUNSEL. A RETAINED COUNSEL MAYBE DISCHARGE AT ANY TIME WITH OR WITHOUT CAUSE, EVEN ON THE EVE OF THE TRIAL. IN PEOPLE V. MUNOZ (APRIL 17, 2006, G034265) CAL.APP.4th (2006 WL 990738), THE DEFENDANT'S CONVICTION WAS REVERSED BECAUSE THE TRIAL COURT ERRED IN ADDRESSING THE DEFENDANT'S REQUEST TO RELIEVE HIS RETAINED COUNSEL BY UTILIZING THE MARSDEN STANDARD.

ANOTHER CASE WITH MORE SIMILAR FACTS WAS ALSO REVERSED DEFENDANT'S CONVICTION. PEOPLE V. HERNANDEZ (MAY 05, 2006) B183053 CAL.APP.4th (2006 PA 049242) THE TRIAL COURT APPLIED THE WRONG STANDARD IN DENYING DEFENDANT'S REQUEST TO DISCHARGE A RETAINED COUNSEL AND IN THIS CASE, THERE APPEARS TO HAVE BEEN AN ADEQUATE BASIC TO DENY APPELLATE'S LATE REQUEST FOR APPOINTED COUNSEL, THE REQUEST WAS MADE ALMOST IMMEDIATELY BEFORE JURY SELECTION WAS TO BEGIN.

GIDEON V. WAINWRIGHT (1963) 372 U.S. 335, 344-345, THE RIGHT OF DEFENDANT'S COUNSEL AND TO DEFENSE ARE AMONG THE MOST SACRED AND SENSITIVE OF OUR CONSTITUTIONAL RIGHTS. FURTHERMORE, THE RIGHT TO COUNSEL OF CHOICE REFLECTS NOT ONLY DEFENDANT'S CHOICE OF A PARTICULARLY ATTORNEY, BUT ALSO HIS DECISION TO DISCHARGE AN ATTORNEY WHOM HIRED AND NO LONGER WISHES TO RETAIN. SMITH V. SUPERIOR COURT (1968) 68 CAL.2d 547, 561; 68 CAL.RPTR. 1, 440 P.2d 65. A DEFENDANT'S HAS A CONSTITUTIONAL AND STATUTORY RIGHTS TO COUNSEL OF HIS CHOICE AND HIS INTEREST IN DISCHARGING A RETAINED COUNSEL IS INCLUDE WITHIN THE RIGHT TO COUNSEL OF ONE'S CHOICE.

PEOPLE V. STEVEN, SUPRA, 156 CAL.RPTR. 3d AT P. 1127.

HERE, THE TRIAL COURT ERRED IN USING THE MARSDEN STANDARD IN REPLIED PETITIONER'S REQUESTS TO DISCHARGE HIS RETAINED COUNSEL. FURTHERMORE, PETITIONER MA BINH THANH RESPECTFULLY POINTS OUT THAT THE MARSDEN HEARING SHOULD NOT HAVE BEEN CONDUCTED AT THIS COURT IF PETITIONER'S MOTION/REQUESTS TO DISCHARGE HIS RETAINED COUNSEL WAS UNTIMELY.

PEOPLE V. MADRID (1985) 168 CAL.3d 14, 19, 213 CR 813, THE TRIAL COURT SHOULD EXERCISE ITS DISCRETION AND EXCLUDE THE PROSECUTOR IF THE DEFENSE MAKE A TIMELY REQUEST.

IN THIS CASE, THE TRIAL COURT IMPROPERLY TREATED MOTION AS ONE TO DISCHARGE APPOINTED COUNSEL AND SINCE THE PROSECUTOR DID NOT OBJECT TO THE MOTION AS UNTIMELY, THERE WERE NEVER ANY FINDINGS MADE AS TO WHETHER THE MOTION, IF CONSIDERED AS ONE TO DISCHARGE A RETAINED COUNSEL, WAS UNTIMELY AND/OR WOULD HAVE DISRUPTED THE ORDERLY PROCESS OF JUSTICE. AND SUCH MARSDEN FACTORS ARE NOT IMPLICATED IN DEFENDANT/PETITIONER'S REQUEST TO DISCHARGE A RETAINED COUNSEL. THEREFORE, THE TRIAL COURT CLEARLY VIOLATED PETITIONER MA BINH THANH SIXTH AMENDMENT RIGHTS, THE RIGHT TO COUNSEL OF CHOICE SECURED AND PROTECTED BY UNITED STATE CONSTITUTION.

## III

## CONCLUSION

PETITIONER MA BINH THANH RESPECTFULLY CONTENDS THAT HE PRESENTED MORE THAN SUFFICIENT EVIDENCE THAT THE EVIDENCE IN

PETITIONER'S CASE WAS INSUFFICIENT TO SUPPORT THE CHARGES AGAINST HIM. MOREOVER, THE VEHICLE OWNED BY THIRD PARTY (PETITIONER'S FORMER CO-DEFENDANT.) THE CONTRABAND WERE FOUND IN VEHICLE WAS NOT IN PLAIN VIEW, PETITIONER'S FINGERPRINTS WERE NOT FOUND IN ANY OF THE CONTRABANDS. IT'S CLEARLY THAT THE EVIDENCE WAS INSUFFICIENT TO ESTABLISH AFFIRMATIVE LINK BETWEEN PETITIONER MA'S AND THE CONTRABANDS IN THE VEHICLE. FURTHERMORE, PETITIONER'S HAS BEEN PREJUDICES BY THE TRIAL COURT IN UTILIZED THE WRONG STANDARD IN DENYING PETITIONER'S REQUESTS TO DISCHARGE HIS RETAINED COUNSEL. AS A RESULTS OF THE ABOVE MATTERS, THE TRIAL COURT HAS BEEN VIOLATED PETITIONER'S SIXTH AND FOURTEENTH AMENDMENTS PROTECTED BY UNITED STATES CONSTITUTION.

BASED UPON THE FOREGOING, PETITIONER MA BINH THANH RESPECTFULLY PRAYS THAT THIS COURT GRANTED THIS WRIT OF HABEAS CORPUS PETITION BY REVERSED THE CONVICTIONS OR SCHEDULE AN EVIDENTIARY HEARING TO HEAR THE MERITS OF PETITIONER'S CLAIM OF CONSTITUTIONAL VIOLATION.

PETITIONER MA BINH THANH FURTHERMORE POINTS OUT THAT HIS PRIMA FACIE SHOWING IN THIS ACTION ON WRIT OF HABEAS CORPUS AND RESPECTFULLY REQUEST THE COURT TO ACT APPROPRIATELY.

DATE: JANUARY 17, 2008.

RESPECTFULLY SUBMITTED,

[signature]

MA BINH THANH (V-98179) S.V.S.P.
P.O. BOX 1050
SOLEDAD, CA. 93960-1060.

# DECLARATION.

1. I AM PETITIONER IN THIS CASE CAUSE OF ACTION.

2. I HAVE BEEN ATTEMPTING TO CORRECT CONSTITUTIONAL VIOLATIONS IN MY CRIMINAL CASE, SINCE I FIRST DISCOVERED THEM.

3. I HAVE NO EXPERIENCE WITH THE CRIMINAL JUSTICE SYSTEM AT THAT TIME, SO I HAVE NO REASON TO BELIEVE THE TRIAL COURT WAS VIOLATING MY CONSTITUTIONAL RIGHTS.

4. ONCE I ARRIVED AT SALINAS VALLEY STATE PRISON AND SPOKE WITH OTHER PRISONERS, I DISCOVERED THE TRIAL COURT ERRED IN DENIED MY RIGHT TO COUNSEL OF CHOICE.

5. I THEN ATTEMPTED TO FIND HELP IN SEEKING REDNESS IN COURT.

6. I HAVE ATTEMPTED TO PROCEED WITH ALL POSSIBLE DUE DILIGENCE WITH MY CLAIMS, AT ALL TIME.

IF CALL UPON TO DO SO, I WOULD TESTIFY AS THE TRUTHFULNESS OF THE FOREGOING.

I DECLARE UNDER PENALTY FOR PERJURY, IN ACCORDANCE WITH UNITED STATES CODE, SECTION §1001, THAT THE FOREGOING IN TRUE AND CORRECT, EXECUTED AT SALINAS VALLEY STATE PRISON, MONTEREY COUNTY, ON JANUARY 17, 2008.

PETITIONER,

[signature]

MA BINH THANH

IN PROPRIA PERSONA.

# EXHIBIT: A

DESCRIPTION OF THIS EXHIBIT: THE TRIAL COURT CONDUCTED MARSDEN HEARING.

NUMBER OF PAGES: EIGHT (8) PAGES.

JURISDICTION: UNITED STATES DISTRICT COURT.

**SANTA ANA, CALIFORNIA - TUESDAY, JANUARY 18, 2005**

**AFTERNOON SESSION**

-OOO-

(THE FOLLOWING PROCEEDINGS WERE HAD IN THE PRESENCE OF THE JURY:)

THE COURT: GOOD AFTERNOON.

ALL RIGHT. LET'S CALL THE CASE OF THE PEOPLE VERSUS BINH MA.

MR. CESENA: BINH MA, YES.

THE COURT: BINH MA.

MR. BAYTIEH: GOOD AFTERNOON. EBRAHIM BAYTIEH DEPUTY DISTRICT ATTORNEY FOR THE PEOPLE. THE PEOPLE ARE READY TO PROCEED.

MR. CESENA: JAMES CESENA ON BEHALF OF MR. BIHN MA WHO IS PRESENT IN CUSTODY.

YOUR HONOR, AS I INDICATED AT THE BREAK JUST A MOMENT AGO, MR. MA IS WANTING TO ADDRESS THE COURT. IT'S A *MARSDEN* ISSUE. THAT'S WHAT APPARENTLY IT SEEMS.

MR. BAYTIEH: YOUR HONOR, I THINK JUDGE BORRIS TOLD THAT TO COUNSEL BEFORE WE CAME TO THIS COURT. THERE IS NO *MARSDEN* WHEN YOU HAVE A RETAINED ATTORNEYS. MR. CESENA IS A RETAINED ATTORNEY AND THE DEFENDANT CANNOT FIRE HIS ATTORNEY ON THE DAY OF TRIAL.

THE COURT: I THINK IT'S DISCRETION OF THE COURT. WHAT I'LL DO, I'LL HEAR HIM OUT. NOTE IT'S WHAT, EIGHT OF TEN?

MR. CESENA: EIGHT OF TEN.

MR. BAYTIEH: EIGHT OF TEN. TO PUT IN PERSPECTIVE SO AT LEAST YOU HAVE AN IDEA. THIS IS NOW BEING BROUGHT TO THE COURT'S ATTENTION AFTER THE DEFENDANT WANTED TO GET A CONTINUANCE, AND MR. CESENA, BEING THE GOOD LAWYER THAT HE IS, ADVISED JUDGE BORRIS THAT THE DEFENDANT IS ASKING FOR A CONTINUANCE. HE PUT IN A 1050 AND JUDGE BORRIS LITIGATED THE 1050 AND TOLD THE DEFENDANT, JUST BECAUSE YOU DON'T WANT TO START THE TRIAL, THAT'S NOT GOOD CAUSE. AND THAT ISSUE HAS BEEN RESOLVED FOR JUDGE BORRIS BEFORE WE CAME TO YOUR COURT. I WANT YOU TO KNOW THIS PROCEDURALLY, KIND OF WHERE WE ARE.

MR. CESENA: THAT IS CORRECT. I DID FILE THE 1050 REQUEST A CONTINUANCE.

THE COURT: OKAY. WELL LET'S JUST DO A *MARSDEN*. I WANT TO TALK WITH HIM.

MR. BAYTIEH: OKAY.

THE COURT: IF MR. EBRAHIM BAYTIEH COULD STEP OUTSIDE.

MR. BAYTIEH: ALL RIGHT.

THE COURT: WE'LL MAKE THIS A SEALED TRANSCRIPT NOT TO BE OPENED WITHOUT COURT APPROVAL.

(THE FOLLOWING PROCEEDINGS PAGES 6 THROUGH 11 ARE SEALED BY ORDER OF THE COURT:)

//////

//////

(THE FOLLOWING PROCEEDINGS ARE SEALED BY ORDER OF THE COURT:)

MR. MA, YOU UNDERSTAND THE PROSECUTOR IS OUT, HE CAN'T HEAR WHAT WE'RE SAYING. THE ONLY PEOPLE THAT ARE HERE IN COURT ARE STAFF, YOU, ME, AND YOUR ATTORNEY.

MR. BAYTIEH, EVEN THOUGH HE'S NOT HERE, ALL I KNOW ABOUT THIS CASE IT'S BEEN TRAILING SINCE -- FOR EIGHT DAYS AT LEAST.

MR. CESENA: THAT'S CORRECT.

THE COURT: IN WEST COURT, JUDGE BORRIS DENIED THE CONTINUANCE. I NOTE THAT THERE HAVE BEEN SOME DISCUSSIONS OFF THE RECORD WITH YOUR ATTORNEY AND THE DA.

THE COURT STAYING WITH THE OFFER THAT WAS GIVEN BY THE DA, NINE YEARS. THE DA IS WILLING TO STRIKE THE.

MR. CESENA: STRIKE THE STRIKE FOR SENTENCING.

THE COURT: PURPOSES, SO YOU DO HALF THE TIME OF THE NINE YEARS.

SO NOW, WE'RE HERE READY TO GO. I'VE GOT THE JURORS COMING IN TOMORROW MORNING.

YOU WANTED TO SAY SOMETHING TO THE COURT.

THE DEFENDANT: YES, YOUR HONOR. THE REASON THAT ME AND MY FAMILY THAT WOULD LIKE TO GET ANOTHER ATTORNEY DUE TO THE FACT THAT JAMES CESENA VERY GOOD ATTORNEY, BUT SOMETIME I ASKED HIM TO GET MOTION FOR SPLIT

EVIDENCE.

THE COURT: FOR WHAT?

MR. CESENA: HE'S REFERRING TO A LAB REPORT. THE LAB REPORT CAME BACK ON THE SUSPECTED EVIDENCE AS METHAMPHETAMINE BY THE ORANGE COUNTY FORENSICS. AND HE'S ASKED ME TODAY TO -- REGARDING A SPLIT OF THAT. I'VE INDICATED THAT THAT CAN ALWAYS BE DONE WHILE THE TRIAL IS PENDING, BUT IT'S UP TO HIM. I DIDN'T THINK IT WOULD BE THAT -- IN MY OPINION, BASED ON WHAT I SAW, I DID NOT THINK THERE WAS ANY ISSUE THERE.

THE COURT: USUALLY WHAT WE KNOW AS SPLIT, USUALLY A DUI CASE WHERE THERE'S BLOOD OR URINE, OFTENTIMES IT WILL BE TESTED TO SEE THE RESULT, WHETHER OR NOT IT'S LOWER OR HIGHER THAN WHAT THE CRIMINAL SAID.

IN THIS -- IS A METH CASE?

MR. CESENA: IT'S A METH CASE. I EXPLAINED TO HIM THAT EVEN IF IT WAS JUST TRACE EVIDENCE OF METHAMPHETAMINE, THAT'S SUFFICIENT UNDER THE STATUTE. IT'S NOT AN ISSUE OF QUALITY; IT'S AN ISSUE OF EXISTENCE.

THE COURT: RIGHT. SO BESIDES THAT, WHAT ELSE DID YOU WANT.

THE DEFENDANT: SEVERAL LIKE MY POLICE REPORT. I ASKED HIM IF HE COULD FILE MOTION FOR DISMISSAL, DUE TO THE FACT THE POLICE REPORT WAS SAYING THAT THERE WAS HUNDRED YARD AWAY WHEN THEY SEE US. I WAS THE PASSENGER

IN THE CAR, IT'S NOT MY CAR. AND THE GUN AND THE DRUGS WERE FINGERPRINT COME BACK FROM THE LAB IS NOT MINE. NOT MINE. SO I ASKED HIM TO FILE MOTION FOR DISMISSAL JUST BECAUSE I'M PAROLEE, WRONG PLACE, WRONG TIME, AND NOW I'M FACING NINE YEARS AND.

THE COURT: OKAY. THAT'S WHY WE HAVE A JURY TRIAL. THEY DECIDE WHETHER THERE WAS ENOUGH EVIDENCE, NOT WHAT THE POLICE REPORT.

MR. CESENA: HE'S REFERRING TO 1538.5, WHICH I DISCUSSED WITH THE COURT EARLIER TODAY.

THE COURT: WHAT WE'RE GOING TO TALK ABOUT THAT. MOST LIKELY I'M GOING TO DENY IT.

THE DEFENDANT: MY FAMILY ASKED -- MY FAMILY DON'T THINK THAT MR. JAMES CESENA SPEND A LOT OF TIME ON MY CASE. WHICH I SAID ON THE PHONE IS -- THANK YOU FOR THE PHONE CALL.

MY FIANCEE, MY FAMILY, THINKING THAT MR. JAMES CESENA VERY BUSY MAN HE NOT SPEND ENOUGH TIME ON MY CASE.

SOMETIME I RUN BY WITH THE POLICE REPORT, I KNOW THAT -- I NOTED THAT HE NOT REALLY PAY ATTENTION TO MY CASE THAT'S THE REASON WHY ME AND MY WIFE DISCUSSED LAST HALF HOUR OVER TO GET IF WE WANT ANOTHER ATTORNEY OR NOT.

THE COURT: WELL, I JUST WANT FOR THE RECORD, I DID ALLOW THE DEFENDANT IN PRIVATE TO SPEAK TO A -- IS IT

YOUR WIFE OR GIRLFRIEND?

MR. CESENA: HIS FIANCEE.

THE DEFENDANT: FIANCEE.

THE COURT: YOUR FIANCEE. PRIMARILY TO TALK ABOUT THE OFFER BUT OBVIOUSLY TALKED ABOUT OTHER THINGS. OKAY. SO YOU TALKED WITH HER AND SHE'S SAYING, WELL, I THINK YOU NEED ANOTHER ATTORNEY. IS THAT WHAT SHE SAID?

THE DEFENDANT: WE'VE BEEN DISCUSSING ABOUT THIS MATTER.

THE COURT: THE PROBLEM, THE PROBLEM, MR. MA, IS WE'RE AT THE TIME TO START THE TRIAL, AND IT APPEARS TO THE COURT THAT IT'S UNTIMELY. YOU DON'T LIKE WHAT THE OFFER IS. THAT'S WHAT IT APPEARS TO ME. AND IT'S NOT UNUSUAL SITUATION. THIS IS A LOT OF TIME, WHEN PEOPLE LOOK AT A LOT OF TIME, THEY DON'T WANT TO DO IT. IT MUST BE OTHER REASONS. MAYBE THE DA, YOU THINK HE'S NOT BEING REASONABLE, OR THE JUDGE, BUT THE WAY IT WORKS, IT'S A LITTLE TOO LATE IT APPEARS AT THIS TIME.

MR. CESENA: JUST FOR THE RECORD. I HAVE GONE OVER THE POLICE REPORT WITH MR. MA AND PROVIDED HIM A COPY OF THE CHARGING DOCUMENT AND ALL THE POLICE REPORTS. ALONG TODAY, WE GOT THE COPY OF THE TRANSCRIPT OF THE -- MR. HUYNH, THE WITNESS WHO WAS CHARGED, PREVIOUSLY, THEY WERE CODEFENDANTS. THAT'S BEFORE HIM TODAY.

THERE'S NOT A LOT OF EVIDENCE IN THIS CASE, AND IT'S REALLY A POLICE OFFICER STOP. IT'S

RUN-OF-THE-MILL DRUG STOP. THERE'S NOT A LOT OF INVESTIGATION THAT NEEDS TO BE DONE OTHER THAN WHAT WE'VE ALREADY DONE IN TERMS OF TALKING TO PEOPLE. SO. I JUST -- FOR THE RECORD, I WANT TO MAKE SURE I HAD DONE SOME SIGNIFICANT STUFF.

THE COURT: I APPRECIATE THAT, YOU BRINGING THAT UP.

WHAT DO YOU WANT TO DO? YOUR CHOICE, MR. MA, I'M GOING TO DENY THE REQUEST FOR YOU TO RETAIN ANOTHER ATTORNEY. I THINK IT'S UNTIMELY. IT APPEARS THAT YOU GET ALONG WITH YOUR ATTORNEY, IT'S JUST THAT YOU'RE NOT LIKING WHAT YOUR FACING RIGHT NOW. I CAN UNDERSTAND THAT. I DON'T HOLD THAT AGAINST YOU AT ALL. IT'S JUST THAT I'M GOING TO DENY THAT REQUEST. IT IS UNTIMELY TO GET ANOTHER ATTORNEY.

SO WE'RE LEFT WITH -- AND IT'S UP TO YOU, IF YOU WANT A TRIAL. THAT'S FINE. I'M NOT GOING TO HOLD THAT AGAINST YOU. WE'LL HAVE A TRIAL TO SEE WHAT HAPPENS. IF THEY CAN PROVE THERE CASE, THEY CAN'T PROVE THEIR CASE.

THAT'S WHERE WE'RE AT. BUT I WANTED TO GIVE YOU AN OPPORTUNITY, ONE LAST TIME. I KNOW YOUR ATTORNEY WANTED TO GIVE YOU SOME TIME. HE TALKED WITH YOU ABOUT THE OFFER MADE BY THE DA. I'M NOT GOING TO GET IN THE WAY WITH THAT. IF YOU WANT TO DO THAT, THAT'S FINE. I'M NOT GOING TO CONTINUE THE CASE ANYMORE FOR YOU TO

THINK ABOUT IT BECAUSE IT'S BEEN -- IT'S NOT LIKE IF IT'S THE FIRST DAY. I WANT YOU TO UNDERSTAND WHERE I'M COMING FROM, AND I'M NOT TRYING TO BE TOO HARSH, BUT I'M ALSO TRYING TO LET YOU KNOW WHAT'S GOING ON. SO YOU HAVE TO DECIDE IF YOU WANT TO PLEAD GUILTY OR NOT. SOUNDS LIKE YOU WANT TO GO TO TRIAL. IT'S FINE WITH THE COURT.

WE'LL HAVE A JURY COMING TOMORROW. DO YOU UNDERSTAND?

THE DEFENDANT: YES, SIR, YOUR HONOR.

THE COURT: OKAY. WHAT DO YOU WANT TO DO? WANT TO GO FORWARD, THAT'S FINE.

THE DEFENDANT: YES, YOUR HONOR. GO FORWARD.

THE COURT: OKAY. LET'S GET MR. BAYTIEH.

(END OF SEALED PROCEEDINGS.)

# EXHIBIT: B

DESCRIPTION OF THIS EXHIBIT: SUPERIOR COURT DENIED WRIT OF HABEAS CORPUS.

NUMBER OF PAGES: THREE (3) PAGES

JURISDICTION: UNITED STATES DISTRICT COURT.

SUPERIOR COURT OF THE STATE OF CALIFORNIA, COUNTY OF ORANGE

# MINUTE ORDER

**Case Number M-10985 X A**

**People Vs Ma, Binh Thanh**

Report Request Criteria

1. Docket Date Range : >= 09/13/2006 00:00:00 and <= 09/13/2006
2. Sequnce Number Range : No sequence number range specified.
3. Docket Category : Minute Order

| Docket Dt | Seq | Text |
|---|---|---|
| 9/13/2006 | 1 | **Hearing held on 09/13/2006 at 09:00 AM in Department C5 for Chambers Work.** |
| | 2 | Officiating Judge: Kazuharu Makino, Judge |
| | 3 | Clerk: L. Torres |
| | 4 | No Court Reporter present at proceedings. |
| | 5 | No appearances. |
| | 6 | Order denying Writ of Habeas Corpus filed. |
| | 7 | Petition for Writ of Habeas Corpus is denied for the reasons stated in the order denying writ filed 08/21/2006. |
| | 8 | As ordered, the clerk this date has mailed a copy of this minute order to the Petitioner at<br>MA BINH THANH<br>CDC #V-98179<br>B5-220L<br>SALINAS VALLEY STATE PRISON<br>P.O. BOX 1060<br>SOLEDAD, CA 93960-1060. |
| | 9 | The clerk this date has forwarded a copy of this minute order to Orange County District Attorney's Office. |

FILED
SUPERIOR COURT OF CALIFORNIA
COUNTY OF ORANGE
CENTRAL JUSTICE CENTER
SEP 13 2006
ALAN SLATER, Clerk of the Court
BY: [signature], DEPUTY

SUPERIOR COURT OF THE STATE OF CALIFORNIA

FOR THE COUNTY OF ORANGE

| | |
|---|---|
| MA BINH THAN<br><br>Petitioner,<br><br><br>ON HABEAS CORPUS. | CASE NO. M-10985<br>(# 04Z0068)<br>ORDER DENYING<br>HABEAS CORPUS |

**TO THE PEOPLE OF THE STATE OF CALIFORNIA, AND TO DEFENDANT AND HIS COUNSEL OF RECORD:**

Petitioner is serving a 14-year state prison sentence after being convicted by a jury of Health & Saf. Code § 11378 (methamphetamine possession for sale), Health & Saf. Code § 1379(a) (transportation of methamphetamine) and Pen.C. § 12012(a)(1) (possession of a firearm by a felon). One "strike prior" and the following enhancements were found true: Being personally armed with a firearm during the commission of the drug offenses (Pen.C. § 12022(c )), committing the offenses while on bail (Pen.C. § 12022.1(b)), and having served prior prison terms (Pen.C. § 667.5(b)) Petitioner's appeal from the judgment is pending.

On habeas corpus, petitioner contends that the trial court erroneously denied his request to discharge retained counsel by using the standard applicable for the discharge of appointed counsel under People v. Marsden (1970) 2 Cal.3d 118, thereby denying him his right to counsel of his choice.

The application is denied on the following separate and independent grounds:

1) Defendant's appeal is still pending. Where, as here, the issues raised are

capable of determination on a pending appeal, the court need not entertain those issues on habeas corpus. (*In re Ali* (1965) 236 Cal. App.2d 679, 680-681.)

2) Because habeas corpus is not a substitute for appeal, issues capable of determination on appeal are not subject to review on habeas corpus, absent special circumstances (not present here). (*In re Dixon* (1953) 41 Cal.2d 756, 759; *In re Walker* (1974) 10 Cal.3d 764, 773 )

3) The available record, including the portion of the reporter's transcript of the proceedings attached to the petition, shows that the court did not use the incorrect standard, but properly denied the motion (made just prior to the commencement of trial) on the ground that it was untimely. (People v. Lau (1986) 177 Cal.App.3d 473, 478-479) . Consequently, petitioner has failed to establish a prima facie case for habeas corpus relief. (*In re Clark* (1993) 5 Cal.4th 750, 769, fn.9; *People v. Romero* (1994) 8 Cal.4th 728, 737.)

The petition for writ of habeas corpus is therefore DENIED.

**Dated:** 9/13/06

JUDGE OF THE SUPERIOR COURT
**GARY S. PAER**