# EXHIBIT: C

DESCRIPTION OF THIS EXHIBIT: COURT OF APPEAL DENIED WRIT OF HABEAS CORPUS.

NUMBER OF PAGES: ONE (01) PAGE.

JURISDICTION: UNITED STATES DISTRICT COURT

COURT OF APPEAL-4TH DIST DIV 3
FILED

FEB - 8 2007

Deputy Clerk ______________

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FOURTH APPELLATE DISTRICT

DIVISION THREE

| | |
|---|---|
| In re MA BINH THANH<br><br>on Habeas Corpus. | G038056<br><br>(Super. Ct. No. M10985)<br><br>O R D E R |

THE COURT:*

The petition for a writ of habeas corpus is DENIED.

SILLS, P.J.
SILLS, P. J.

* Before Sills, P. J., Aronson, J., and Fybel, J.

COPY

# EXHIBIT: D

DESCRIPTION OF THIS EXHIBIT: CALIFORNIA SUPREME COURT DENIED WRIT OF HABEAS CORPUS.

NUMBER OF PAGES: ONE (01) PAGE.

JURISDICTION: UNITED STATES DISTRICT COURT.

S151724

# IN THE SUPREME COURT OF CALIFORNIA

**En Banc**

---

In re MA BINH THANH on Habeas Corpus

---

The petition for writ of habeas corpus is denied.

SUPREME COURT
FILED

AUG 2 9 2007

Frederick K. Ohlrich Clerk

DEPUTY

Chief Justice

# EXHIBIT: E

DESCRIPTION OF THIS EXHIBIT: A COMPLETE AND CORRECT PHOTOCOPY OF HABEAS CORPUS APPLICATION AS PRESENTED OF CALIFORNIA SUPREME COURT.

NUMBER OF PAGES: 27 PAGES.

JURISDICTION: UNITED STATES DISTRICT COURT.

MC-275

S151724

Name MA BINH THANH

Address P.O. BOX 1050

SOLEDAD, CA. 93960-1060

SALINAS VALLEY STATE PRISON

CDC or ID Number V-98179/ B5-220 LOW

SUPREME COURT
FILED

APR - 2 2007

Frederick K. Ohlrich Clerk

Deputy

IN THE

SUPREME COURT OF THE STATE OF CALIFORNIA
(Court)

| | |
|---|---|
| MA BINH THANH<br>Petitioner<br>vs.<br>M. EVANS, Warden<br>Respondent | **PETITION FOR WRIT OF HABEAS CORPUS**<br>No. ____<br>*(To be supplied by the Clerk of the Court)*<br>APPELLATE COURT #G038056<br>SUPERIOR COURT #M10985 |

## INSTRUCTIONS—READ CAREFULLY

- **If you are challenging an order of commitment or a criminal conviction and are filing this petition in the Superior Court, you should file it in the county that made the order.**
- **If you are challenging the conditions of your confinement and are filing this petition in the Superior Court, you should file it in the county in which you are confined.**

- Read the entire form *before* answering any questions.
- This petition must be clearly handwritten in ink or typed. You should exercise care to make sure all answers are true and correct. Because the petition includes a verification, the making of a statement that you know is false may result in a conviction for perjury.
- Answer all applicable questions in the proper spaces. If you need additional space, add an extra page and indicate that your answer is "continued on additional page."
- If you are filing this petition in the Superior Court, you need file only the original unless local rules require additional copies. Many courts require more copies.
- If you are filing this petition in the Court of Appeal, file the original and four copies of the petition and, if separately bound, one copy of any supporting documents.
- If you are filing this petition in the California Supreme Court, file the original and ten copies of the petition and, if separately bound, two copies of any supporting documents.
- Notify the Clerk of the Court in writing if you change your address after filing your petition.
- In most cases, the law requires service of a copy of the petition on the district attorney, city attorney, or city prosecutor. See Penal Code section 1475 and Government Code section 72193. You may serve the copy by mail.

Approved by the Judicial Council of California for use under Rule 60 of the California Rules of Court [as amended effective January 1, 2005]. Subsequent amendments to Rule 60 may change the number of copies to be furnished to the Supreme Court and Court of Appeal.



Form Approved by the Judicial Council of California MC-275 [Rev. July 1, 2005]

PETITION FOR WRIT OF HABEAS CORPUS

Penal Code, § 1473 et seq.; Cal. Rules of Court, rule 60(a)

American LegalNet, Inc. www.USCourtForms.com

**This petition concerns:**

[XX] A conviction
[ ] Parole
[ ] A sentence
[ ] Credits
[ ] Jail or prison conditions
[ ] Prison discipline
[ ] Other *(specify)*:

1. Your name: MA BINH THANH
2. Where are you incarcerated? SALINAS VALLEY STATE PRISON, P.O. BOX 1050, SOLEDAD, CA. 93960
3. Why are you in custody? [XX] Criminal Conviction [ ] Civil Commitment

*Answer subdivisions a. through i. to the best of your ability.*

a. State reason for civil commitment or, if criminal conviction, state nature of offense and enhancements (for example, "robbery with use of a deadly weapon").

POSSESSION FOR SALE OF METHAMPHETAMINE, TRANSPORTATION OF METHAMPHETAMINE AND EX-FELON POSSESSION OF A FIREARM.

b. Penal or other code sections: PENAL CODE §11378, §11379(a) and §12021(b)(1).

c. Name and location of sentencing or committing court: COUNTY OF ORANGE, CENTRAL COURT
700 CIVIC CENTER, SANTA ANA, CA. 92701

d. Case number: #04ZF0068

e. Date convicted or committed: APRIL 13, 2004

f. Date sentenced: AUGUST 15, 2005

g. Length of sentence: 14 YEARS AND FOUR MONTHS.

h. When do you expect to be released? N/A.

i. Were you represented by counsel in the trial court? [XX] Yes. [ ] No. If yes, state the attorney's name and address:

JAMES CESENA, 745 W. CHAPMAN, ORANGE, CA. 92868.

4. What was the LAST plea you entered? *(check one)*

[XX] Not guilty [ ] Guilty [ ] Nolo Contendere [ ] Other:

5. If you pleaded not guilty, what kind of trial did you have?

[XX] Jury [ ] Judge without a jury [ ] Submitted on transcript [ ] Awaiting trial

6. GROUNDS FOR RELIEF

**Ground 1:** State briefly the ground on which you base your claim for relief. For example, "the trial court imposed an illegal enhancement." *(If you have additional grounds for relief, use a separate page for each ground. State ground 2 on page four. For additional grounds, make copies of page four and number the additional grounds in order.)*

THE TRIAL COURT INCORRECTLY RELIED ON THE MARSDEN.

a. Supporting facts:

Tell your story briefly without citing cases or law. If you are challenging the legality of your conviction, describe the facts upon which your conviction is based. *If necessary, attach additional pages.* CAUTION: You must state facts, not conclusions. For example, if you are claiming incompetence of counsel you must state facts specifically setting forth what your attorney did or failed to do and how that affected your trial. Failure to allege sufficient facts will result in the denial of your petition. (See *In re Swain* (1949) 34 Cal.2d 300, 304.) A rule of thumb to follow is: *who* did exactly *what* to violate your rights at what time *(when)* or place *(where)*. *(If available, attach declarations, relevant records, transcripts, or other documents supporting your claim.)*

ON JANUARY 18, 2005, PETITIONER MA BINH THANH REQUESTED TO DISCHARGE HIS RETAINED COUNSEL AT CENTRAL JUSTICE SUPERIOR COURT. AND THE TRIAL COURT IMPROPERLY APPLIED THE WRONG STANDARD THAT APPLY AN INDIGENT DEFENDANT WISH TO DISCHARGE AN APPOINTED COUNSEL.

b. Supporting cases, rules, or other authority (optional):

*(Briefly discuss, or list by name and citation, the cases or other authorities that you think are relevant to your claim. If necessary, attach an extra page.)*

PEOPLE V. MARSDEN, SUPRA, 2 Cal.3d 118.

PEOPLE V. MUNOZ (APRIL 17, 2006 G034265) Cal.App.4th (2006 WL 990738)

**********Please see Points and Authorities in Support**********

7. **Ground 2 or Ground** 2 *(if applicable)*:

THE TRIAL COURT FAILURE TO ALLOW PETITIONER TO DISCHARGE A RETAINED COUNSEL, IN RESULTS VIOLATED PETITIONER SIX AMENDMENT RIGHTS SECURED AND PROTECTED BY U.S. CONSTITUTION.

a. Supporting facts:

ON JANUARY 18, 2005, PETITIONER REQUESTED TO DISCHARGE HIS RETAINED COUNSEL AND THE TRIAL COURT DENIED PETITIONER MOTION TO DISCHARGE A RETAINED COUNSEL AS RESULTS, THE TRIAL COURT VIOLATED PETITIONER SIX AMENDMENT RIGHTS, THE RIGHT TO COUNSEL OF CHOICE.

b. Supporting cases, rules, or other authority:

PEOPLE V. ORTIZ (1990) 51 Cal.3d 975.

PEOPLE V. LARA (2001) 86 CA4th 139, 103 CR2d 201.

************Please see Points and Authorities in Support**********

8. Did you appeal from the conviction, sentence, or commitment? [XX] Yes. [ ] No. If yes, give the following information:
   a. Name of court ("Court of Appeal" or "Appellate Dept. of Superior Court"): COURT OF APPEAL.
   b. Result MODIFIED c. Date of decision: OCTOBER 17, 2006
   d. Case number or citation of opinion, if known: G036173
   e. Issues raised: (1) THE EVIDENCE WAS INSUFFICIENT TO SUPPORT APPELLATE'S CONVICTION FOR TRANSPORTATION
   (2) AND/OR POSSESSION FOR SALE OF METHAMPHETAMINE: THUS THE JUDGMENT WITH RESPECT TO COUNTS ONE AND
   (3) TWO MUST BE REVERSED AND THESE COUNTS DISMISSED, NOT TO VACATE THIS PORTION OF THE JUDGMENT WOULD VIOLATED APPELLATE'S DUE PROCESS RIGHT SECURED BY UNITED STATES CONSTITUTION.
   f. Were you represented by counsel on appeal? [XX] Yes. [ ] No. If yes, state the attorney's name and address, if known: LAW OFFICES OF LEONARD KLAIF, P.O. BOX 1657, OJAI, CA. 93024

9. Did you seek review in the California Supreme Court? [XX] Yes [ ] No. If yes, give the following information:
   a. Result DENIED b. Date of decision: NOVEMBER 20, 2006
   c. Case number or citation of opinion, if known: S147580
   d. Issues raised: (1) THE EVIDENCE WAS INSUFFICIENT TO SUPPORT APPELLATE'S CONVICTION FOR TRANSPORTATION
   (2) AND/OR POSSESSION FOR SALE METHAMPHETAMINE: THUS THE JUDGMENT WITH RESPECT TO COUNTS ONE AND TWO MUST BE REVERSED AND THESE COUNTS DISMISSED, NOT TO VACATE THIS PORTION OF THE JUDGMENT WOULD
   (3) VIOLATED APPELLATE'S DUE PROCESS RIGHT SECURED BY UNITED STATES CONSTITUTION.

10. If your petition makes a claim regarding your conviction, sentence, or commitment that you or your attorney did not make on appeal, explain why the claim was not made on appeal:
THE ATTORNEY DID NOT WANT TO RAISE THIS ISSUE IN THE DIRECT APPEAL, AND NOW THE DIRECT APPEAL IS OVER AND THE ATTORNEY NO LONGER REPRESENTED PETITIONER, NOW I WISH TO RAISE THIS ISSUE IN THE HABEAS CORPUS.

11. Administrative Review:
   a. If your p[illegible]n concerns conditions of confinement or other claims for which there are administrative remedies, failure to exhaust admini[illegible]ve remedies may result in the denial of your petition, even if it is otherwise meritorious. (See *In re Muszalski* (1975) 52 C[illegible].3d 500 [125 Cal.Rptr. 286].) Explain what administrative review you sought or explain why you did not seek such revie[illegible]

N/A.

   b. Did you seek the highest level of administrative review available? [ ] Yes. [ ] No.
   *Attach documents that show you have exhausted your administrative remedies.*

12. Other than direct appeal, have you filed any other petitions, applications, or motions with respect to this conviction, commitment, or issue in any court? [XXX] Yes. If yes, continue with number 13. [ ] No. If no, skip to number 15.

13. a. (1) Name of court: SUPERIOR COURT OF CALIFORNIA, COUNTY OF ORANGE

(2) Nature of proceeding (for example, "habeas corpus petition"): HABEAS CORPUS PETITION

(3) Issues raised: (a) THE TRIAL COURT ERROR BY DENIED OF PETITIONER RIGHT TO DISCHARGE A RETAINED COUNSEL.

(b) THE TRIAL COURT UTILIZING WRONG STANDARD TO DISCHARGE A RETAINED COUNSEL IN RESULTS VIOLATED PETITIONER'S SIXTH AMENDMENT RIGHT TO COUNSEL OF CHOICE.

(4) Result *(Attach order or explain why unavailable)*: PLEASE SEE EXHIBIT "B"

(5) Date of decision: SEPTEMBER 13, 2006

b. (1) Name of court: FOURTH DISTRICT COURT OF APPEAL, DIVISION THREE.

(2) Nature of proceeding: HABEAS CORPUS PETITION.

(3) Issues raised: (a) THE TRIAL COURT ERRED IN FAILURE TO ALLOW PETITIONER TO DISCHARGE A RETAINED COUNSEL.

(b) THE TRIAL COURT INCORRECTLY RELIED ON MARSDEN.

(4) Result *(Attach order or explain why unavailable)*: PLEASE SEE EXHIBIT "C"

(5) Date of decision: FEBRUARY 08, 2007

c. *For additional prior petitions, applications, or motions, provide the same information on a separate page.*

14. If any of the courts listed in number 13 held a hearing, state name of court, date of hearing, nature of hearing, and result:
SUPERIOR COURT OF CALIFORNIA, COUNTY OF ORANGE, SEPTEMBER 13, 2006, PETITIONER FOR HABEAS CORPUS IS DENIED.

15. Explain any delay in the discovery of the claimed grounds for relief and in raising the claims in this petition. (See *In re Swain* (1949) 34 Cal.2d 300, 304.)
THE APPELLATE ATTORNEY DID NOT WANT TO RAISE THIS ISSUE IN THE DIRECT APPEAL AND NOW DIRECT APPEAL IS OVER, PETITIONER WISH TO RAISE THIS ISSUE IN THE HABEAS CORPUS.

16. Are you ...ntly represented by counsel? [ ] Yes. [XX] No. If yes, state the attorney's name and address, if known:

17. Do you have any petition, appeal, or other matter pending in any court? [ ] Yes. [XXX] No. If yes, explain:

18. If this petition might lawfully have been made to a lower court, state the circumstances justifying an application to this court:

N/A.

I, the undersigned, say: I am the petitioner in this action. I declare under penalty of perjury under the laws of the State of California that the foregoing allegations and statements are true and correct, except as to matters that are stated on my information and belief, and as to those matters, I believe them to be true.

Date: MARCH 26, 2007

(SIGNATURE OF PETITIONER)

MA BINH THANH
SALINAS VALLEY STATE PRISON
P.O. BOX 1050
SOLEDAD, CA. 93960-1060
V-98179, B5-220 LOW

IN AND FOR THE STATE OF CALIFORNIA SUPREME COURT

In re: Ma Binh Thanh

Petitioner,

v.

M. Evans, Warden

Respondent,

_______________________________/

4th Appellate Court No. G038056
Superior Court No. M 10985
County of Orange

**PETITION OF WRIT HABEAS CORPUS; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT.**

IN THE SUPREME COURT FOR THE STATE OF CALIFORNIA AND ALL INTERESTED PARTIES, hereto:

INTO COURT COMES now Ma Binh Thanh, hereinafter know as petitioner, by and through his prison inmates legal assistant and in Propria Persona, who respectfully petitions this Honorable Court for a Writ of Habeas Corpus directed to the Superior Court, County of Orange, ordering the Petitioner Ma Binh Thanh conviction reversed, to the extent that his continued incarceration in state prison is in a violation of the California State and Federal Constitution, as well as Laws of the State of California.

COURT PAPER
STATE OF CALIFORNIA
STD. 113 (REV. 8/72)

VERIFIED PETITION, IT IS ALLEGED:

I

Petitioner Ma Binh Thanh is the defendant in the criminal action of the People of the State of California Versus Ma Binh Thanh, Orange County, case number 04ZF0068. Petitioner is unlawfully restrained of his Liberty by his continued confinement in the California Department of Correctional.

II

Petitioner Ma Binh Thanh was charged in the Orange County Superior Court with three (3) counts as follows: Count one, possession for sale of Methamphetamine Penal Code §11378, count two Transportation of Methamphetamine Penal Code §11379(a) and count three possession of a firearm by a felon Penal Code §12021(b)(1).

III

Petitioner Ma Binh Thanh was adjudicated to a term of fourteen (14) years and four (4) months in State Prison.

IV

Petitioner Ma Binh Thanh alleges and believes that the Trial Court denied Petitioner's to discharge his retained counsel was in violation of Fourteen Amendment Rights, the right to counsel of choice.

V

Petitioner respectfully apprises this Honorable Court that his contentions in support of this petition for Habeas Corpus Relief are fully set forth in the accompanying Memorandum of Points and Authorities and incorporated by reference, herein.

COURT PAPER
STATE OF CALIFORNIA
STD. 113 (REV. 8/72)

Petitioner further contents that Habeas Corpus Relief is the appropriate remedy for petitioner's unlawful incarceration. Fundamental Constitutional defects amounting to denial of rights to counsel of choice and Due process "Do not become irremediable when judgment of conviction become final..." **In re Coughlin** (1976) 16 **Cal.3d** 52, 55, 127 **Cal.Rptr.** 337, 545 **P.2d** 249; also see **In re Foss** (1974), 10 **Cal.3d** 910, 916-917, 112 **Cal.Rptr.** 649, 519 **P.2d** 1073.

Petitioner further acknowledges that the appropriate procedure is to file a petition containing "Factual Allegation". That are such form the perjury may be assigned on those allegations, if they are false [ib] the prina facie case for relief may be established through a combination of the record in this case.

Wherefore, Petitioner Ma Binh Thanh respectfully prays that a Writ of Habeas Corpus will be ordered issued by this Honorable Court by reversed petitioner's conviction.

Petitioner respectfully submitted this petition.

Respectfully Submitted,

Ma Binh Thanh
Propria Persona Petitioner
California State Prisoner.

MA BINH THANH
SALINAS VALLEY STATE PRISON
P.O. BOX 1050
SOLEDAD, CA. 93960-1060
V-98179, B5-220 LOW

IN THE SUPREME COURT OF THE STATE OF CALIFORNIA

MA BINH THANH

Petitioner,

v.

M. EVANS, Warden

Respondent,

_______________________________/

4th Appellate Court G038056
Superior Court M10985
County of Orange

PETITION FOR REVIEW

PETITION FOR REVIEW

**To the Honorable Chief Justice of California and the Associate Justices of the Supreme Court of California**

Pursuant to Rule 28, subdivision (a), of the California Rules of Court, Petitioner Ma Binh Thanh, respectfully requests that this Court review the Writ of Habeas Corpus Petition of Petitioner Ma Binh Thanh submitted to the Court of Appeal, Fourth Appellate District, Division Three, affirming the judgment. A copy denied of the Court of Appeal decision os attached to this petition.

Review is sought pursuant to Rule 28, subdivision (b), of the California Rules of Court, to settle important questions of law and to insure uniformity of decision.

COURT PAPER
STATE OF CALIFORNIA
STD. 113 (REV. 8-72)

## ISSUE PRESENTED FOR REVIEW

The issue presented for review is whether or not the Trial Court properly utilized the Marsden standard in addressing the defendant's requests to discharge a retained counsel. In results, violated pettioner's Sixth Amendment of the United States Constitution and California Constitution, Article I, Section §15. Which is the right to counsel of choice.

NECESSARY FOR REVIEW

This case provides this Court with the opportunity to comment on the questions of whether the Trial Court relied on defendant's requesting to discharge his retained counsel is proper procedure by conducted a Marsden hearing in this case.

COURT PAPER
STATE OF CALIFORNIA
STD. 113 (REV. 8/72)

## STATEMENT OF THE CASE

Petitioner Ma Binh Thanh, was charged in a three counts second amended indictment as follows: Count one , possession for sale of Methamphetamine **Penal Code** §11379; count two, Transportation of Methamphetamine, **Penal Code** §11379(a); count three, possession of a firearm by a felon **Penal Code** §12021(b)(1). It's also alleged with respect to count one and two, that Petitioner's was personally armed with a firearm pursuant to **Penal Code** §12022(c). In addition, it was alleged that petitioner was out on bail two separate matters at the time of the commission of the instant offenses **Penal Code** §12022.1(b). Finally, it was alleged that petitioner had been privіously convicted of a serious or violent felony **Penal Code** §667(b) and §1170.12(c), and had been served two prior prison terms **Penal Code** § 667.5(b).

Petitioner's motion to suppress was denied. Petitioner's motion to continiue the trial to allow him to replace a retained counsel with a different retained counsel was also denied.

A jury convicted petitioner's as charged on count one, two and three, with the enhancement found true on counts one and two. Following a court trial, the out on bail, prior conviction and prior term allegations were found to be true. Petitioner's motion for new trial were denied.

On August 15, 2005, petitioner's was sentenced to a prison term of fourteen years and four months as follows: Count one as imposed an upper term of three years, double to six, two years consecutive term pursuant to **Penal Code** §12022.1(b), as was consecutive 4 years term pursuant **Penal Code** §12022(c) and

a consecutive term of one year and four months was imposed on count three. In addition, one year term was imposed pursuant Penal Code §667.5(b) and sentenced on count two was stayed pursuant to **Penal Code** §654.

## STATEMENT OF THE FACTS

On April 13, 2004, at about 9:00 in the evening, petitioner's girlfriend Linh Trinh, borrowed petitioner's car to go out with their Daughter. As Ms. Trinh was getting ready to leave, petitioner's friend arrived and petitioner left in Huynh car as Ms. Trinh left in petitioner car. Shortly thereafter, Westminster police sergeant Thomas Finley saw a silver Toyota roll through a stop sign without coming to a complete stop. In response, Officer Finley activating his head lights and siren, Huynh's pulled into the parking lot of a nearly Walmart and stopped for a short time. Officer Finley saw the front passenger moving around in the car. When the back up officers arrived, Officer Finley approached the SUV, and saw petitioner was leaning forward and Officer Finley counld not see petitioner's hand so Officer Finley's ordered petitioner to keep his hand up, which petitioner complied. Officer Finley requested back up Officer Emerson search the SUV, which was registered to Huynh's sister. Officer Emerson found a black pouch containing a baggie with white powdery substance in the middle console and a handgun under the passenger seat of the SUV. Both a baggie containing methamphetamine and handgun were checked for fingerprint, but petitioner print was not found.

On January 18, 2005, Petitioner Ma Binh Thanh appeared in court with his retained counsel Mr. Cesena and asked for motion to continue trial but it's was denied due to his retained counsel failed to comply with **Penal Code §1050(b).** Petitioner Ma Binh Thanh requested through his attorney that the case be continued

COURT PAPER
STATE OF CALIFORNIA
STD. 113 (REV. 8/72)

so that witness Linh Trinh can be subpoenaed to testify but the motion also were denied. Petitioner Ma Binh Thanh also requested to discharge his retained counsel by conduct the Marsden hearing but the request were denied due to Marsden hearing does not apply to retained counsel. Then the Attorney Mr. Cesena told petitioner that he filed a motion to change of venue and granted so now the jury trial was reassigned to central court P.J. James Marion, in department C-39. Again petitioner's requesting to discharge his retained counsel and the Trial Court conducted the Marsden hearing. After the fact that the Trial Court conduct the Marsden hearing and then denied petitioner's request to discharge a retained counsel.

COURT PAPER
STATE OF CALIFORNIA
STD. 113 (REV. 8/72)

# ARGUMENT

## THE TRIAL COURT INCORRECTLY RELIED ON MARSDEN HEARING AND FAILURE TO ALLOW PETITIONER TO DISCHARGE HIS RETAINED COUNSEL IN RESULTS VIOLATED PETITIONER SIX AMENDMENT RIGHT SECURED AND PROTECTED BY U.S. CONSTITUTION.

A. **Standard for review:**

In **People v. Ortiz,** 51 Cal.3d at p. 982-984. The Trial Court mistakenly treated defendant's request as a Marsden motion and that motion was not appropriate decision to consider the defendant's complaints against his retained counsel. In any event, the defendant was not required to meet the onerous Marsden factors and establish an irreconcilable conflict to discharge a retained counsel.

Petitioner Ma Binh Thanh further acknowledged that in Ortiz held that defendant's right to discharge his retained counsel was not absolute and the Trial Court discretion to deny such motion, if the discharge (1) would cause significant prejudice to the defendant, (2) was untimely and would result in disruption of the orderly process of justice unreasonable under circumstances of the particular case. **People v. Ortiz, supra,** 51 Cal.3d at p. 982, quoting **People v. Crovedi, supra,** 65 Cal.2d at p. 208; **People v. Turner, supra,** 7 Cal.App.4th at p. 918. If such factors are not implicated in defendant's motion to discharge his retained counsel, the Trial Court's denial of defendant's motion requires an automatic reversal of the conviction. **People v. Ortiz, Supra,** 51 Cal.3d at p. 988.

COURT PAPER
STATE OF CALIFORNIA
STD. 113 (REV. 8/72)

In this case, it's clear that Mr. Cesena is a retained counsel and on January 18, 2005, Petitioner Ma Binh Thanh requested to discharge his retained counsel at Westminster Superior Court, Presiding Judge Borris denied petitioner request to discharge his retained counsel due to Marsden hearing does not apply to a retained counsel. A jury trial was reassigned to Central Justice Superior Court, Presiding Judge James Marion, Department C-39. Again, Petitioner Ma Binh Thanh requested to discharge his retained counsel. The Trial Court cleared the court room and conducted a Marsden hearing. Motion was argued and denied due to untimely motion. (Please see Exhibit A, lines 36-41)

Petitioner Ma Binh Thanh furthermore acknowledged that in Madrid Court stated that a Trial Court should exercise its discretion and exclude the prosecutor if the defense make a timely request. **People v. Madrid (1985) 168 Cal.3d 14, 19,** 213 CR 813.

The decision of the trial judge contradicted with his own action and also contradicted with the prior judge decision, based on the facts that the prior judge decided that the Marsden does not apply on a retained counsel. But yet the Trial Court still conducted the Marsden hearing and made petitioner demonstrate the incompetence of his retained counsel and then denied because it's untimely. Petitioner Ma Binh Thanh respectfully points out that the Trial Court was aware that the trial counsel was a retained counsel, but still applied the Marsden hearing and made petitioner to demonstrate the ineffectiveness of his retained counsel.

COURT PAPER
STATE OF CALIFORNIA
STD. 113 (REV. 8/72)

Petitioner Ma Binh Thanh furthermore points out that the Marsden hearing should not have been conducted in the beginning at this court if petitioner's motion to discharge his retained cousnel was untimely, and since the Trial Court improperly treated the motion as one to discharge appointed counsel, and since the prosecutor did not object to the motion as untimely, there were never any findings made as to whether the motion, if considered as one to discharge a retained counsel, was untimely and would have disrupted the orderly process of justice.

It's should be noted that Petitioner Ma Binh Thanh direct appeal has become final.

**B: <u>CLAIM NUMBER ONE:</u> THE TRIAL COURT INCORRECTLY RELIED ON MARSDEN.**

**People v. Marsden, supra, 2 Cal.3d 118,** mandates a court hearing to determine whether a defendant's appointed counsel offers constitutionallly inadequate representation when defendant's requests substitution of oppointed counsel.

In this case, Petitioner Ma Binh Thanh contends, the Trial Court held what was in essence a Marsden hearing, requiring Petitioner Ma Binh Thanh to demonstrate his retained counsel was providing inadequate representation or that Petitioner Ma Binh Thanh and his attorney were embroiled in an irreconcilable conflict. Upon demand by Trial Court and in absence of the prosecuting attorney, Petitioner Ma Binh Thanh stated his reasons for wanting to discharge his retained counsel, petitioner's disagreed with his counsel regarding trial tactics and petitioner's also complaints about his retained counsel did

not file certain motion that petitioner's asked his attorney to file and that Petitioner Ma Binh Thanh believed that he was not getting the service for which he was paying for this privately retained counsel.

Petitioner Ma Binh Thanh furthermore contends that the Trial Court denied petitioner's motion was untimely after the fact that the Trial Court conducted the Marsden hearing and required Petitioner Ma Binh Thanh to demonstrate his retained counsel was providing inadequate representation, and since petitioner's defense counsel was not an appointed counsel but rather a retained counsel. The Marsden hearing was inappropriate vehicle in which to consider petitioner's complaints against his retained counsel. **People v. Marsden, supra 2. Cal.3d 118.**

In a recent case with similar facts, the defendant's conviction was reversed because the Trial Court erred in addressing the defendant's request to relieve his retained counsel by utilizing the Marsden standard. **People v. Munoz (April 17, 2006, G034265) Cal.App.4th (2006 WL 990738).**

Another case with more similar facts was also reversed defendant's conviction due to the fact that the Trial Court applied the wrong standard in denying defendant's request to discharge a retained counsel and in this case, there appears to have been an adequate basic to deny appellate's late request for appointed counsel, the request was made almost immediately before jury selection was to begin..... **People v. Hernandez (May 05, 2006, B183053) Cal.App.4th (2006 PA 049242).**

In this case, Petitioner Ma Binh Thanh request to discharge

his retained counsel right before jury selection and the Trial Court erred in using the wrong standard in denying petitioner's to discharge his retained counsel and it's decision have been based entirely on application of the Marsden analysis rather than Ortiz.

In People v. Steven (1984) 156 Cal.3d 1119, 1127, 203 CR 505. Marsden does not apply to retained counsel. A retained counsel maybe discharge at any time with or without cause, even on the eve of the trial.

As in this case, the Trial Court clearly believed that Petitioner Ma Binh Thanh wanted to discharge his retained counsel and conducted a Marsden hearing. The Trial Court erred in using the wrong standard in denying petitioner's request to discharge a retained counsel. As resulted the Trial Court violated petitioner's State and Federal Constitution Rights. Therefore, Petitioner Ma Binh Thanh conviction should be reversed, as here, a petitioner's has been deprived of his right to defend with counsel of his choice.

**C: <u>CLAIM NUMBER TWO:</u> THE TRIAL COURT FAILURE TO ALLOW PETITIONER TO DISCHARGE A RETAINED COUNSEL, IN RESULTS VIOLATED PETITIONER SIX AMENDMENT RIGHTS SECURED AND PROTECTED BY U.S. CONSTITUTION.**

(a). A criminal defendant is entitled to assistance of counsel of all critical stage of the proceeding. U.S. Const., 6th Amendment, Cal. Const. Art. I, §15; Gideon v. Wainwright (1963) 372 U.S. 335, 344-345. The right of defendant's counsel and to defense are among the most sacred and sensitive of our

COURT PAPER
STATE OF CALIFORNIA
STD. 113 (REV. 8/72)

Constitutional Rights. **Magee v. Superior Court (1973) 81 Cal.3d 949, 954; 106 Cal.Rptr. 647, 506 P.2d 1023; People v. Ortiz (1990) 51 Cal.3d 975, 982; 275 Cal.Rptr. 191, 800 P.2d 547.**

(b). Which culminates in a states of trust and confidence between the client and his attorney, this particularly essential, of course when the attorney is defending the client's life or liberty. **Smith v. Superior Court (1968) 68 Cal.2d 547, 561; 68 Cal.Rptr. 1, 440 P.2d 65.** The right to counsel of choice reflects not only defendant's choice of a particularly attorney, but also his decision to discharge an attorney whom hired and no longer wishes to retain. A defendant's has a constitutional and Statutory rights to counsel of his choice and his interest in discharging a retained counsel is include within the right to counsel of one's choice. **People v, Steven, supra, 156 Cal.Rptr.3d at p. 1127.**

(c) A criminal defendant also had the due process right to appear and defend with retained counsel of his choice. **People v. Leonard, supra, 78 Cal.App.4th at p. 784.**

Applying the law to this case, Petitioner Ma Binh Thanh requested to discharge his retained counsel a day before jury selection was to schedule to begin, and the Trial Court reliance on **Marsden** to resolve the matter in this case, which is inappropriated in this case due to the facts that Mr. Cesena is a retained counsel and petitioner's had an absolute right to discharge a retained counsel and hire a new attorney. **People v. Ortiz, supra, 51 Cal.3d at 982-984.**

Petitioner Ma Binh Thanh further acknowledged that in **Ortiz**

held that defendant's right to discharge his retained counsel was not absolute and the Trial Court discretion to deny such motion, if the discharge (1) Would cause 'significant prejudice' to the defendant..., (2) was untimely and would result in disruption of the orderly processes of justice unreasonable under the circumctances of the particular case. **People v. Ortiz, supra,** 51 **Cal.3d at** p. 982 and **People v. Turner, supra,** 7 **Cal.App.4th at p.** 918.

The right of nonindigent criminal defendant to discharge his retained counsel with or without cause has long been recognized in this State [citation], the right to discharge retained counsel is based on 'necessary in view both of the delicate and confidential nature of the relation between attorney and client, and the evil engendered by friction or distrust. [citation]. In order to ensure effective assistance of counsel, a nonindigent defendant is accorded the right to discharge his retained counsel' the attorney-client relationship... involve not just casual assistance of a member of the bar, but an intimate process of consultation and planing which culminates in a state of trust and confidence between client and his attorney. This particularly essential, of course, when the attorney is defending the client's life or liberty. [citation]. Thus we conclude that the right to counsel of choice reflects not only a defendant's choice of a particular attorney, but also his decision to discharge an attorney whom he hired but no longer wishes to retain. **People v. Ortiz, supra, 51 Cal.3d at p. 983, fn. omitted.**

As in this case, Petitioner Ma Binh Thanh requested to discharge his retained counsel right before the jury selection and the Trial Court erred in denying Petitioner Ma Binh Thanh motion to discharge a retained counsel as a motion to discharge appointed counsel and if such factors are not implicated in defendant's motion to discharge his retained counsel, the Trial Court's denial of defendant's motion requires automatic resersal of the conviction. Furthermore, the Trail Court is violating of Petitioner Ma Binh Thanh Sixth Amendment right secured and protected by both State and Federal Constitution.

III

CONCLUSION

Petitioner Ma Binh Thanh respectfully contends that he has presented more then sufficient evidence that he has been prejudices by Trial Court's error in using the wrong standard in denying petitioner's motion to discharge a retained counsel and it's decision have been based entirely on application of the Marsden analysis rather than **Ortiz.** And because the trial court utilized the wrong standard and it did not adequately address the issue of delay but did address the issue of untimely after the fact that the Trial Court conducted the **Marsden** hearing. the Trial Court decision was not based on the appropriate ground as results violated petitioner's Six Amendment Rights of both State and Federal Constitution. Therefore, Petitioner Ma Binh Thanh respectfully request this Court grant this Petition Writ of Habeas Corpus by reversed the conviction or schedule an evidentiary hearing to hear the merits of petitioner's claims of Constitutional violation

Petitioner Ma Binh Thanh furthermore points out that his Prima Facie showing in this action on Writ of Habeas Corpus and respectfully request the court to act appropriately.

Date: MARCH 26, 2007

Respectfully Submitted,

[signature]

MA BINH THANH
SALINAS VALLEY STATE PRISON
P.O. BOX 1050
SOLEDAD, CA. 93960-1060
V-98179, B5-220 LOW

**DECLARATION**

1- I am Petitioner in this case cause of action.

2- I have been attempting to correct Constitutional Violations in my criminal case, since I first discovered them a few months ago.

3- I have no experience with the criminal justice system at the time, so I have no reason to believe the Trial Court was violating my rights.

4- Once I arrived at Salinas Valley State Prison and spoke with other prisoners. I discovered the Trial Court erred in denied my right to counsel of choice.

5- I then attempted to find help in seeking redness in Court.

6- I have attempted to proceed with all possible due diligence with my claims, at all time.

If call upon to do so, I would testify as the truthfulness of the foregoing.

I declare under penalty for perjury, in accordance with United States Code, section §1001, that the foregoing in true and correct, executed at Salinas Valley State Prison, Monterey County, this day 26 of March, 2007.

Petitioner,

Ma Binh Thanh

in propria persona.

COURT PAPER
STATE OF CALIFORNIA
STD. 113 (REV. 8/72)

# DECLARATION OF SERVICE BY MAIL

I, Ma Binh Thanh, declare:

I am citizen of the United States, over eighteen (18) of age, and I am a party of the above entitled action. My State Prison address is Salinas Valley State Prison, P.O. Box 1050, Soledad, Ca. 93960-1060. On MARCH 26, 2007, I served the within

PETITION FOR WRIT OF HABEAS CORPUS

in said action on each of the following, by placing a true copy thereof enclosed in a sealed envelope addressed as follows, with postage thereof fully paid in the United States mail, in a deposite box so provided at Salinas Valley State Prison, Soledad, Ca. 93960-1060.

CALIFORNIA SUPREME COURT
300 S. SPRING STREET, Floor 2
LOS ANGELES, CA. 90013-1233

There is delivery service by United States mail at the place so addressed and/or there is regular communication by mail between the place of mailing and the placed so addressed.

I declare under penalty of perjury that the foregoing is true and correct.

Executed this MARCH 26, 2007, at Slainas Valley State Prison, State of California.

Petitioner,

Ma Binh Thanh

# DECLARATION OF SERVICE BY MAIL

I, MA BINH THANH, DECLARE:

I AM CITIZEN OF THE UNITED STATES, OVER EIGHTEEN (18) OF AGE, AND I AM A PARTY OF THE ABOVE ENTITLED ACTION. MY STATE PRISON ADDRESS IS SALINAS VALLEY STATE PRISON, P.O. BOX 1050, SOLEDAD, CA. 93960-1060. ON JANUARY 17, 2008, I SERVED THE WITHIN.

PETITION FOR WRIT OF HABEAS CORPUS.

IN SAID ACTION ON EACH OF THE FOLLOWING, BY PLACING A TRUE COPY THEREOF ENCLOSED IN A SEALED ENVELOPE ADDRESSED AS FOLLOWS, WITH POSTAGE THEREOF FULLY PAID IN THE UNITED STATES MAIL, IN A DEPOSITE BOX SO PROVIDED AT SALINAS VALLEY STATE PRISON, SOLEDAD, CA. 93960-1060.

UNITED STATES DISTRICT COURT FOR THE SOUTHERN DISTRICT
FEDERAL OFFICE BUILDING.
880 FRONT STREET, SUITE 4290
SAN DIEGO, CA. 92101-8900

THERE IS DELIVERY SERVICE BY UNITED STATES MAIL AT THE PLACE SO ADDRESSED AND/OR THERE IS REGULAR COMMUNICATION BY MAIL BETWEEN THE PLACE OF MAILING AND THE PLACED SO ADDRESSED.

I DECLARE UNDER PENALTY OF PERJURY THAT THE FORGOING IS TRUE AND CORRECT. EXECUTED THIS JANUARY 17, 2008, AT SALINA VALLEY STATE PRISON, STATE OF CALIFORNIA.

PETITIONER,

[signature]

MA BINH THANH.

JS44

(Rev. 07/89)

# CIVIL COVER SHEET

The JS-44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE SECOND PAGE OF THIS FORM.)

2254 1983

FILING FEE PAID Yes No ✓

IFP MOTION FILED Yes No ✓

COPIES SENT TO Court Country ProSe

FILED 2008 JAN 22 PM 4:48 CLERK US DISTRICT COURT SOUTHERN DISTRICT OF CALIFORNIA BY DEPUTY

I (a) PLAINTIFFS

**Ma Binh Thanh**

DEFENDANTS

**M. Evans**

(b) COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF Monterey (EXCEPT IN U.S. PLAINTIFF CASES)

COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT (IN U.S. PLAINTIFF CASES ONLY)

NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED

(c) ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER)

**Ma Binh Thanh**
**PO Box 1050**
**Soledad, CA 93960**
**V-98179**

ATTORNEYS (IF KNOWN)

**'08 CV 0126 JAH POR**

II. BASIS OF JURISDICTION (PLACE AN x IN ONE BOX ONLY)

- ☐ 1 U.S. Government Plaintiff
- ☒ 3 Federal Question (U.S. Government Not a Party)
- ☐ 2 U.S. Government Defendant
- ☐ 4 Diversity (Indicate Citizenship of Parties in Item III

III. CITIZENSHIP OF PRINCIPAL PARTIES (PLACE AN X IN ONE BOX (For Diversity Cases Only) FOR PLAINTIFF AND ONE BOX FOR DEFENDANT

| | PT | DEF | | PT | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business in This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business in Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

IV. CAUSE OF ACTION (CITE THE US CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE A BRIEF STATEMENT OF CAUSE. DO NOT CITE JURISDICTIONAL STATUTES UNLESS DIVERSITY).

**28 U.S.C. 2254**

V. NATURE OF SUIT (PLACE AN X IN ONE BOX ONLY)

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| | PERSONAL INJURY | PERSONAL INJURY | | | |
| ☐ 110 Insurance | | | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reappointment |
| ☐ Marine | ☐ 310 Airplane | ☐ 362 Personal Injury-Medical Malpractice | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal 28 USC 157 | ☐ 410 Antitrust |
| ☐ Miller Act | ☐ 315 Airplane Product Liability | | ☐ 625 Drug Related Seizure of Property 21 USC881 | PROPERTY RIGHTS | ☐ 430 Banks and Banking |
| ☐ Negotiable Instrument | ☐ 320 Assault, Libel & Slander | ☐ 365 Personal Injury - Product Liability | | ☐ 820 Copyrights | ☐ 450 Commerce/ICC Rates/etc. |
| ☐ 150 Recovery of Overpayment &Enforcement of Judgment | ☐ 330 Federal Employers' Liability | | ☐ 630 Liquor Laws | ☐ 830 Patent | ☐ 460 Deportation |
| | | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 640 RR & Truck | ☐ 840 Trademark | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 151 Medicare Act | ☐ 340 Marine | PERSONAL PROPERTY | ☐ 650 Airline Regs | SOCIAL SECURITY | |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 345 Marine Product Liability | ☐ 370 Other Fraud | ☐ 660 Occupational Safety/Health | ☐ 861 HIA (13958) | ☐ 810 Selective Service |
| | | | ☐ 690 Other | ☐ 862 Black Lung (923) | ☐ 850 Securities/Commodities Exchange |
| ☐ 153Recovery of Overpayment of Veterans Benefits | ☐ 350 Motor Vehicle | ☐ 371 Truth in Lending | LABOR | ☐ 863 DIWC/DIWW (405(g)) | |
| | ☐ 355 Motor Vehicle Product Liability | ☐ 380 Other Personal Property Damage | ☐ 710Fair Labor Standards Act | ☐ 864 SSID Title XVI | ☐ 875 Customer Challenge 12 USC |
| ☐ 160 Stockholders Suits | | | 720 Labor/Mgmt. Relations | ☐ 865 RSI (405(g)) | ☐ 891 Agricultural Acts |
| ☐ Other Contract | ☐ 360 Other Personal Injury | ☐ 385 Property Damage Product Liability | ☐ 730 Labor/Mgmt. Reporting & Disclosure Act | FEDERAL TAX SUITS | ☐ 892 Economic Stabilization Act |
| ☐ 195 Contract Product Liability | | | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 893 Environmental Matters |
| REAL PROPERTY | CIVIL RIGHTS | PRISONER PETITIONS | ☐ 740 Railway Labor Act | | ☐ 894 Energy Allocation Act |
| ☐ 210 Land Condemnation | ☐ 441 Voting | ☐ 510 Motions to Vacate Sentence Habeas Corpus | ☐ 790 Other Labor Litigation | ☐ 871 IRS - Third Party 26 USC 7609 | ☐ 895 Freedom of Information Act |
| ☐ 220 Foreclosure | ☐ 442 Employment | | ☐ 791 Empl. Ret. Inc. | | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/Accommodations | ☒ 530 General | ☐ Security Act | | |
| ☐ 240 Tort to Land | ☐ 444 Welfare | ☐ 535 Death Penalty | | | ☐ 950 Constitutionality of State |
| ☐ 245 Tort Product Liability | ☐ 440 Other Civil Rights | ☐ 540 Mandamus & Other | | | ☐ 890 Other Statutory Actions |
| ☐ 290 All Other Real Property | | ☐ 550 Civil Rights | | | |

VI. ORIGIN (PLACE AN X IN ONE BOX ONLY)

☒ 1 Original Proceeding ☐ 2 Removal from State Court ☐ 3 Remanded from Appelate Court ☐ 4 Reinstated or Reopened ☐ 5 Transferred from another district (specify) ☐ 6 Multidistrict Litigation ☐ 7 Appeal to District Judge from Magistrate Judgment

VII. REQUESTED IN COMPLAINT: ☐ CHECK IF THIS IS A CLASS ACTION UNDER f.r.c.p. 23 DEMAND $ Check YES only if demanded in complaint: JURY DEMAND: ☐ YES ☐ NO

VIII. RELATED CASE(S) IF ANY (See Instructions): JUDGE Docket Number

DATE January 22, 2008 ~~SIGNATURE OF ATTORNEY OF RECORD~~

R. Muller